1  GREENSPOON MARDER, P.A.
2  Richard W. Epstein
   (Admitted *Pro Hac Vice*)
3  Florida Bar No. 229091
   Richard.Epstein@gmlaw.com
4  Jeffrey A. Backman
   (Admitted *Pro Hac Vice*)
5  Florida Bar No. 662501
   Jeffrey.Backman@gmlaw.com
6  Roy Taub
7  (Admitted *Pro Hac Vice*)
   Florida Bar No. 116263
8  Roy.Taub@gmlaw.com
   200 East Broward Blvd., Suite 1800
9  Fort Lauderdale, FL  33301
   Tel:  (954) 491-1120
10 Fax: (954) 213-0140

11 (Additional counsel listed in signature block)
12
13 *Attorneys for Defendants Bahamas Paradise*
   *Cruise Line, LLC and Cruise Operator, Inc.,*

14                 UNITED STATES DISTRICT COURT
15               NORTHERN DISTRICT OF CALIFORNIA
                        SAN JOSE DIVISION
16
17 AN PHAN, as an individual and on behalf of all     Case No. 15-cv-05019-BLF
   others similarly situated,
18                                                     **DEFENDANTS BAHAMAS**
           Plaintiff,                                  **PARADISE CRUISE LINE, LLC'S**
19                                                     **AND CRUISE OPERATOR, INC.'S**
       v.                                              **NOTICE OF MOTION AND MOTION**
20                                                     **TO DISMISS OR, IN THE**
   GRAND BAHAMA CRUISE LINE, LLC, a                    **ALTERNATIVE, STAY THE ACTION;**
21 limited-liability company; BAHAMAS                  **AND MEMORANDUM OF POINTS**
   PARADISE CRUISE LINE, LLC, a limited-              **AND AUTHORITIES**
22 liability company; CRUISE OPERATOR, INC.,
   d/b/a BAHAMAS PARADISE CRUISE LINE, a               **Hearing**
23 corporation; and Does 1 through 50, inclusive,      Date:   April 7, 2016
                                                       Time:  9:00 am
24         Defendants.                                 Ctrm:  3
25 _____/
26
27
28
──────────────────────────────────────────────

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on April 7, 2015, at 9:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Beth Labson Freeman of the United States District Court for the Northern District of California, located at 280 South First Street, Courtroom 3, San Jose, California 95113, Defendants Bahamas Paradise Cruise Line, LLC ("Bahamas Paradise") and Cruise Operator, Inc. ("Cruise Operator") (collectively, the "Bahamas Paradise Defendants"), will and hereby do move the Court to dismiss Plaintiff's Complaint or, in the alternative, stay the above-captioned action pending the United States Supreme Court's decisions in *Spokeo v. Robins*, 135 S. Ct. 1892 (2015), and *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015).

The Bahamas Paradise Defendants bring this Motion on the grounds that the Complaint fails to sufficiently allege a basis for the Court to exercise personal jurisdiction over them, and, particularly given their submissions to the contrary, Plaintiff cannot make a *prima facie* showing thereof. The Complaint also fails to state a claim for relief against the Bahamas Paradise Defendants. The Complaint's repeated conclusory assertions that Defendant Grand Bahama Cruise Line, LLC, an entity not related to either Bahamas Paradise or Cruise Operator, conducted its telemarketing activities at their direction cannot be credited. Alternatively, in the event the Court does not grant the Motion to Dismiss, it should stay this action pending the Supreme Court's forthcoming decisions in *Spokeo* and *Campbell-Ewald*. The fact that either decision may have a dispositive effect in this case, coupled with the interests of judicial economy and the lack of prejudice to Plaintiff from a relatively short stay of approximately seven months, weighs in favor of issuance of the requested stay.

The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Glenn Ryerson, Daniel Lambert, and Jeffrey A. Backman and the exhibits attached thereto, the pleading and papers on file herein, and any further material and argument presented to the Court at the time of the hearing.

Dated:  November 20, 2015          Respectfully Submitted,

                                   /s/  *Jeffrey A. Backman*
                                   GREENSPOON MARDER, P.A.

Richard W. Epstein
(Admitted *Pro Hac Vice*)
Florida Bar No. 229091
Richard.Epstein@gmlaw.com
Jeffrey A. Backman
(Admitted *Pro Hac Vice*)
Florida Bar No. 662501
Jeffrey.Backman@gmlaw.com
Roy Taub
(Admitted *Pro Hac Vice*)
Florida Bar No. 116263
Roy.Taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 213-0140

LAW OFFICES OF ROBERT S. BOULTER
Robert S. Boulter (SBN 153549)
rsb@boulter-law.com
1101 Fifth Avenue, Suite 235
San Rafael, California 94901-1828
Telephone:  (415) 233-7100
Facsimile: (415) 233-7101

*Attorneys for Defendants Bahamas Paradise*
*Cruise Line, LLC and Cruise Operator, Inc.*

1

## **<u>TABLE OF CONTENTS</u>**

2    PRELIMINARY STATEMENT ..............................................................................1

3    STATEMENT OF FACTS.....................................................................................3

4    ARGUMENT .........................................................................................................4

5

6        I.      THE COMPLAINT FAILS TO PLAUSIBLY STATE A BASIS
               FOR THE COURT TO EXERCISE PERSONAL JURISICTION
7              OVER THE BAHAMAS PARADISE DEFENDANTS .......................................4

8              A.      Legal Standards on a Rule 12(b)(2) Motion ................................4

9              B.      The Court Lacks General Jurisdiction
                    Over the Bahamas Paradise Defendants ......................................5
10

11             C.      The Court Lacks Specific Jurisdiction
                    Over the Bahamas Paradise Defendants ......................................5
12

13        II.     THE COMPLAINT FAILS TO STATE A CLAIM AGAINST
              THE BAHAMAS PARADISE DEFENDANTS ...........................................9

14             A.      Pleading Standards.........................................................................9
15

16             B.      The Complaint Fails to Allege Vicarious Liability....................10

17        III.    IN THE ALTERNATIVE, THE COURT SHOULD STAY
              THIS ACTION PENDING THE SUPREME COURT'S
18              DECISIONS IN *SPOKEO* AND *CAMPBELL-EWALD*......................................13

19             A.      This Case Implicates the Issues Raised
                   in Both *Spokeo* and *Campbell-Ewald* .......................................13
20

21             B.      The Applicable Factors All Weigh in Favor of Granting a Stay ...............14

22                 1.       Either *Spokeo* or *Campbell-Ewald*
                        May Have a Dispositive Effect Here ..............................16
23

24                 2.       Staying this Action and Awaiting the Potentially-
                        Dispositive *Spokeo* and *Campbell-Ewald* Decisions
25                        Will Save Judicial Economy .........................................16

26                 3.       A Stay will Benefit the Public Interest ..........................17

27

28

4.      None of the Parties Will Suffer a Hardship or
        Prejudice While Awaiting the Supreme Court's Decisions...........17

CONCLUSION .................................................................................................................... 18

1

## TABLE OF AUTHORITIES

2
**Page(s)**

**Cases**

3
*Ashby v. Farmers Group, Inc.,*
4
    No. 01-CV-1446-BR, 2006 WL 3169381 (D. Ore. Oct. 30, 2006) ...................................15

5
*Ashcroft v. Iqbal,*
6
    556 U.S. 662 (2009).............................................................................................................10, 12

*Bank v. Philips Electronics N. Am. Corp.,*
7
    No. 14-cv-5312 JG VMS, 2015 WL 1650926 (E.D.N.Y. Apr. 14, 2015)........................11

8
*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).....................................................................................................7, 10, 12
9

10
*Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.,*
    No. 09CV2145-L BLM, 2011 WL 3475361 (S.D. Cal. Aug. 5, 2011) ............................12

11
*Boise v. ACE USA, Inc.,*
12
    No. 15-CIV-21264, 2015 WL 4077433 (S.D. Fla. July 6, 2015) .........................15, 16, 17

13
*Brackett v. Hilton Hotels Corp.,*
    619 F. Supp. 2d 810 (N.D. Cal. 2008) ..............................................................................9
14

15
*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985)......................................................................................................... 6-7

16
*Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.,*
17
    788 F.2d 535 (9th Cir. 1986) .......................................................................................4, 8

18
*Campbell-Ewald Co. v. Gomez,*
    135 S. Ct. 2311 (2015)........................................................................1, 2, 13-14, 16-18
19

20
*Canas v. City of Sunnyvale,*
    No. C 08-5771 JF (PVT), 2009 WL 2160572 (N.D. Cal. July 20, 2009)................... 12-13

21
*Cardenas v. AmeriCredit Financial Servs., Inc.,*
22
    No. C 09-04978 SBA, 2011 WL 846070 (N.D. Cal. Mar. 8, 2011)........................... 14-15

23
*Carney v. Verizon Wireless Telecom, Inc.,*
    No. 09-CV-1854 DMS, 2010 WL 3058106 (S.D. Cal. Aug. 2, 2010) ..............................15
24

25
*Clinton v. Jones,*
    520 U.S. 681 (1997)...........................................................................................................15

26
*CollegeSource, Inc. v. AcademyOne, Inc.,*
27
    653 F.3d 1066 (9th Cir. 2011) ........................................................................................4

28

*Conservation Force v. Salazar*,
    646 F.3d 1240 (9th Cir. 2011) ...................................................................9

*Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*,
    No. 10-CV-00510-GMN, 2010 WL 3167984 (D. Nev. Aug. 9, 2010) .............9

*Corns v. Laborers Int'l Union of N. Am.*,
    62 F. Supp. 3d 1105 (N.D. Cal. 2014) .........................................................11

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2013)...................................................................................5

*Data Disc, Inc. v. Sys. Tech Assocs., Inc.*,
    557 F.2d 1280 (9th Cir. 1977) .....................................................................9

*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834 (9th Cir. 1986) ...................................................................4-5

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001) .................................................................4, 5

*Doe I v. Wal-Mart Stores, Inc.*,
    572 F.3d 677 (9th Cir. 2009) .....................................................................11

*Dole Food, Inc. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002) .....................................................................4

*Duchene v. Westlake Servs., LLC*,
    No. 13-CV-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015) ...........15, 16, 17, 18

*Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*,
    No. CV 15-04767-AB, 2015 WL 6579779 (C.D. Cal. Oct. 19, 2015) ........15, 16

*Freidman v. Massage Envy Franchising, LCC*,
    No. 12-cv-02962-L-RBB, 2013 WL 3026641 (S.D. Cal. June 13, 2013) .................10, 12

*Genesis Healthcare Corp. v. Symczyk*,
    133 S. Ct. 1523 (2013)...............................................................................16

*Gomez v. Campbell-Ewald Co.*,
    768 F.3d 871 (9th Cir. 2014) .................................................................10, 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    131 S. Ct. 2846 (2011)................................................................................5

*HPEV, Inc. v. Spirit Bear Ltd.*,
    No. 13-CV-01548-JAD, 2014 WL 6634838 (D. Nev. Nov. 21, 2014) ...............8

*In re DISH Network LLC*,
    28 F.C.C. Rcd. 6574 (2013)............................................................................... 10-11

*Int'l Shoe Co. v. State of Wash.*,
    326 U.S. 310 (1945)...........................................................................................4

*Jackson v. Caribbean Cruise Line, Inc.*,
    No. 14-cv-2485 (ADS)(AKT), 2015 WL 667862 (E.D.N.Y. Feb. 17, 2015)....................11

*Kemp v. Int'l Bus. Machines Corp.*,
    No. C-09-4683 MHP, 2010 WL 4698490 (N.D. Cal. Nov. 8, 2010)...............................13

*Landis v. North American Co.*,
    299 U.S. 248 (1936)......................................................................................15, 17

*Larson v. Trans Union LLC*,
    No. 12-CV-057260-WHO, 2015 WL 3945052 (N.D. Cal. June 26, 2015)...........15, 16, 17

*Lee v. Abdel-Haq*,
    No. C11-2021RSL, 2013 WL 587654 (W.D. Wash. Feb. 14, 2013)................................8

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) ...........................................................................15

*Lopez v. Miami-Dade County*,
    No. 15-Civ-22943-COOKE/TORRES, 2015 WL 7202905 (S.D. Fla. Nov. 6, 2015).......14

*McGuire v. Recontrust Co.*,
    No. 11-CV-2787 KJM-CKD, 2013 WL 3863903 (E.D. Cal. July 24, 2013) ...................13

*Murray v. Choice Energy, LLC*,
    No. 15-CV-60, 2015 WL 4204398 (S.D. Ohio July 10, 2015)...........................................11

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ..............................................................................9

*NGV Gaming, Ltd. v. Harrah's Operating Co., Inc.*,
    No. 04-3955 SC, 2008 WL 4951587 (N.D. Cal. Nov. 18, 2008) .....................................15

*N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*,
    124 F.3d 1094 (9th Cir. 1997) ..............................................................................11

*Osborne v. Nat'l Truck Funding, LLC*,
    No. 12-CV-02510-AC, 2013 WL 3892946 (E.D. Cal. July 26, 2013) ..........................4, 8

*Panacci v. A1 Solar Power, Inc.*,
    No. 15-CV-00532-JCS, 2015 WL 3750112 (N.D. Cal. June 15, 2015) ..........................12

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) .................................................................6

*Provo v. Rady Children's Hosp.-San Diego*,
    No. 15CV0081 JM BGS, 2015 WL 6144029 (S.D. Cal. July 29, 2015) .........................15

*Pyle v. Hatley*,
    239 F. Supp. 2d 970 (C.D. Cal. 2002) .................................................................9

*Ramirez v. Trans Union, LLC*,
    No. 12-CV-00632-JSC, 2015 WL 6159942 (N.D. Cal. June 22, 2015) ....................15, 18

*Reese v. BP Exploration (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) .................................................................10

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) .................................................................4, 6

*Sierra Med. Servs. Alliance v. Maxwell-Jolly*,
    No. CV 10-04182 CAS, 2011 WL 3837076 (C.D. Cal. Aug. 29, 2011 .........................14

*Shimmick Const. Co./Obayashi Corp. v. Officine Meccaniche Galletti-O.M.G. S.R.L.*,
    No. 13-CV-2700-BAS JLB, 2014 WL 5847440 (S.D. Cal. Nov. 12, 2014) ...................8

*Solis v. City of Fresno*,
    No. 11-CV-00053 AWI GSA, 2012 WL 868681 (E.D. Cal. Mar. 13, 2012) ...................13

*Spokeo v. Robins*,
    135 S. Ct. 1892 (2015) ....................................................... 1, 2, 13-18

*Stewart v. Screen Gems-EMI Music, Inc.*,
    81 F. Supp. 3d 938 (N.D. Cal. 2015) .................................................................8

*Stone v. Sterling Infosystems, Inc.*,
    No. 15-CV-00711-MCE-DAD, 2015 WL 4602968 (S.D. Cal. July 29, 2015) .....15, 16, 17

*Thomas v. Taco Bell Corp.*,
    582 Fed. Appx. 678 (9th Cir. 2014) .................................................................10, 11

*Toney v. Quality Resources, Inc.*,
    75 F. Supp. 3d 727 (N.D. Ill. 2014) .................................................................11

*In re Toyota Motor Corp.*,
    785 F. Supp. 2d 883 (C.D. Cal. 2011) .................................................................12

*United States v. Bonds*,
    608 F.3d 495 (9th Cir. 2010) .................................................................11

*Vivendi SA v. T-Mobile USA Inc.*,
    586 F.3d 689 (9th Cir. 2009) ........................................................................8, 13

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014)..................................................................................6

*Wolf v. Lyft, Inc.*,
    No. C 15-01441 JSW, 2015 WL 4455965 (N.D. Cal. July 20, 2015) ..............15

*Yaakov v. Varitronics, LLC*,
    No. CIV. 14-5008 ADM/FLN, 2015 WL 5092501 (D. Minn. Aug. 28, 2015) ................15

*Ziegler v. Indian River County*,
    64 F.3d 470 (9th Cir. 1995) ..........................................................................5

**Statutes**
47 U.S.C. § 227 ..........................................................................................1
Cal. Civ. Proc. Code § 410.10 ......................................................................4

**Rules**
Fed. R. Civ. P. 8 ........................................................................................9
Fed. R. Civ. P. 12 ..........................................................................1, 4, 9, 18
Fed. R. Civ. P. 68 ......................................................................................13

1         Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), Defendants Bahamas

2   Paradise Cruise Line, LLC ("Bahamas Paradise") and Cruise Operator, Inc., d/b/a Bahamas

3   Paradise Cruise Line ("Cruise Operator") (collectively, "the Bahamas Paradise Defendants"),

4   move this Court to dismiss Plaintiff's Complaint for lack of personal jurisdiction and failure to

5   state a claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

6   ("TCPA"), and, in the alternative, in the event the Court does not grant the Motion to Dismiss,

7   move for a stay of this action pending the Supreme Court's forthcoming decisions in *Spokeo v.*

8   *Robins*, 135 S. Ct. 1892 (2015), and *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015).

9   **PRELIMINARY STATEMENT**

10         This action concerns two telephone calls that Plaintiff alleges he received on his cellular

11   telephone on August 28, 2015 in violation of the TCPA.  Plaintiff's Complaint raises a number of

12   questions, but is missing the facts necessary to answer them in a way to avoid dismissal for lack

13   of personal jurisdiction or failure to state a claim.

14         Plaintiff expressly alleges that Defendant Grand Bahama Cruise Line, LLC ("Grand

15   Bahama") placed the phone calls that he received, presumably on the basis of the telephone

16   number that called him.  What, then, is Plaintiff's basis for naming as Defendants in this action

17   Bahamas Paradise and Cruise Operator?  Grand Bahama, after all, is not affiliated with Bahamas

18   Paradise or Cruise Operator, and is an entirely separate company.  Plaintiff alleges, "on

19   information and belief," that in making the calls he received, Grand Bahama was "acting at the

20   direction of" the Bahamas Paradise Defendants.

21         But what is the "information and belief" that supports the naked and conclusory assertion

22   that the Bahamas Paradise Defendants (both of them, apparently) were directing Grand Bahama to

23   call him and others?  How did they direct Grand Bahama, and through what means?  The

24   Complaint never answers those questions, and the only seeming basis for Plaintiff's "information

25   and belief" is his further "information and belief" that the free cruise mentioned on the call he

26   allegedly received from Grand Bahama was for a cruise on the *MS Grand Celebration*, a vessel

27   operated by Cruise Operator.  The Complaint, though, never states any facts to explain Plaintiff's

28   belief that the *Grand Celebration* was referred to on the phone calls, which requires the rejection

of that allegation.  Nor does the Complaint explain how that "information and belief" would implicate either of the Bahamas Paradise Defendants in Grand Bahama's alleged telemarketing activities, which is what is at issue in this case.  Plaintiff simply piles one allegation made "on information and belief" on top of another, without any supporting *facts*.

As explained below, the Court should dismiss the Complaint for lack of personal jurisdiction.  Not only does the Complaint fail to state in non-conclusory terms any role by the Bahamas Paradise Defendants in Grand Bahama's alleged calls to Plaintiff, but the Bahamas Paradise Defendants' submissions demonstrate that there is none.   The Bahamas Paradise Defendants did not make the calls at issue, did not employ or contract Grand Bahama to make the calls, do not have anything to do with any telemarketing allegedly conducted by Grand Bahama, and do not have any contacts with the State of California to subject them to this Court's personal jurisdiction.  The Complaint offers only speculation to connect the Bahamas Paradise Defendants to the telephone calls at issue made by an entirely separate company.  Plaintiff's speculation, while the basis of his "information and belief," cannot be credited on this Motion to Dismiss.

Plaintiff's failure to allege any plausible connection between the Bahamas Paradise Defendants and Grand Bahama's alleged telemarketing activities also requires dismissal for failure to state a claim for relief.  Plaintiff cannot simply state that Grand Bahamas acted at the direction of the Bahamas Paradise Defendants, but he must specifically allege facts sufficient to plausibly state an agency relationship or some other basis of vicarious liability.  The Complaint does not even attempt to do that.  Again, Plaintiff cannot fall back on his hollow "information and belief," but must come forth with allegations of facts that substantiate such information and belief, and transform a merely conceivable claim that the Bahamas Paradise Defendants were involved in the call Plaintiff received to one that is plausible.  The Complaint falls far short of that requirement.

Finally, and alternatively, if the Court were to deny this Motion to Dismiss, it should stay the action pending the Supreme Court's forthcoming decisions in *Spokeo* and *Campbell-Ewald*, which are expected to be issued in seven or so months.  The questions before the Supreme Court in both cases are implicated here, and a decision in either case may be dispositive on the threshold

1    issue of subject-matter jurisdiction.  In the interests of judicial economy and the public welfare,

2    and given the lack of prejudice to Plaintiff, a stay would be appropriate if the Bahamas Paradise

3    Defendants are not dismissed from this case.

4                                          **STATEMENT OF FACTS**

5         Plaintiff alleges that he "received a prerecorded or artificial-voice telephone call on his

6    cellular telephone" on or about August 28, 2015.  (Compl. at ¶ 13).  Plaintiff alleges the

7    "telephone call was placed by [Grand Bahama]," and further alleges "on information and belief"

8    that "[Grand Bahama] initiated this call to Plaintiff's cellular telephone acting at the direction of

9    [Bahamas Paradise] and [Cruise Operator]."  (*Id.* at ¶ 14).  Plaintiff claims that a "prerecorded or

10   artificial voice" stated he had "won a free cruise to the Bahamas" and had the option to opt out of

11   the call by pushing a button, which he claims he did.  (*Id.*).  Nonetheless, according to Plaintiff,

12   approximately eight minutes later he "received a second incoming call from the same telephone

13   number," which he "canceled . . .without answering . . . ."  (*Id.* at ¶ 16).  "Plaintiff had never

14   given any signed authorization expressly permitting Defendants" to call him.  (*Id.* at ¶ 17).

15        Bahamas Paradise is a Florida limited liability company with a principal place of

16   business in Riviera Beach, Florida.  (Ryerson Decl. at ¶ 3, Ex. A).  Cruise Operator is a Bahamian

17   corporation with a principal place of business in the United States in Riviera Beach, Florida, and

18   it does nothing more than operate a cruise ship pursuant to a charter agreement with the ship's

19   owner out of the port of Palm Beach County, Florida.  (Lambert Decl. at ¶¶  3-4, Ex. A).  Neither

20   Bahamas Paradise nor Cruise Operator has any jurisdictional contacts with the State of California.

21   (Ryerson Decl. at ¶¶ 4-6; Lambert Decl. at ¶¶ 4-7).   Nor is either of the Bahamas Paradise

22   Defendants affiliated with Grand Bahama.   (Ryerson Decl. at ¶ 7; Lambert Decl. at ¶ 8).  Neither

23   Bahamas Paradise nor Cruise Operator has ever employed or contract with Grand Bahama to

24   make calls into the State of California or elsewhere, or had any other role in its alleged

25   telemarketing activities.  (Ryerson Decl. at ¶¶ 8-13; Lambert Decl. at ¶¶ 9-14).

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>ARGUMENT</u>**

**I.     PLAINTIFF FAILS TO PLAUSIBLY STATE, AND CANNOT
        SHOW, A BASIS FOR THE COURT TO EXERCISE PERSONAL
        JURISDICTION OVER THE BAHAMAS PARADISE DEFENDANTS**

**A.     Legal Standards on a Rule 12(b)(2) Motion**

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). *See also Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). A "nonspecific conclusory statement is not enough" to satisfy that burden. *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). *See also Osborne v. Nat'l Truck Funding, LLC*, No. 12-CV-02510-AC, 2013 WL 3892946, *3 (E.D. Cal. July 26, 2013) ("Jurisdictional facts cannot . . . be established by nonspecific, conclusory statements."). "[P]laintiff cannot simply rest on the bare allegations of its complaint," but must make at least "a *prima facie* showing of jurisdictional facts" to avoid dismissal under Federal Rule of Civil Procedure 12(b)(2). *Schwarzenegger*, 374 F.3d at 800. The Court may consider written materials in deciding the motion. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

The law of the forum state applies. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). However, since California's long-arm statute, (Cal. Civ. Proc. Code § 410.10), "is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800-01. Federal due process requires that a nonresident defendant have "certain minimum contacts with the forum state of such a nature that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945) (internal quotation omitted). This due process test may be satisfied by showing general jurisdiction – that the defendant has "substantial" or "continuous and systematic" contacts with the forum state – or specific jurisdiction – that there is a strong relationship between the defendant's forum contacts and the cause of action. *Decker Coal Co. v. Commonwealth Edison*

*Co.*, 805 F.2d 834, 839 (9th Cir. 1986).  *See also Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).

Neither type of personal jurisdiction over Defendants is plausibly alleged in the Complaint, nor can Plaintiff make a *prima facie* showing of personal jurisdiction.

### B.   The Court Lacks General Jurisdiction Over the Bahamas Paradise Defendants

The Supreme Court has recently clarified that general personal jurisdiction exists only if a defendant corporation's contacts or "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State,'" akin to the "paradigm bases for general jurisdiction" of a corporation's place of incorporation or principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2013) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).

Here, Bahamas Paradise is a Florida limited liability company with a principal place of business in Riviera Beach, Florida, and Cruise Operator is a Bahamian corporation with a principal place of business in the United States also in Riviera Beach, Florida.  (Ryerson Decl. at ¶ 3, Ex. A; Lambert Decl. at ¶ 3, Ex. A).  And neither entity has any jurisdictional contacts with California, let alone those sufficient to render it essentially at home there.  (Ryerson Decl. at ¶¶ 4-6; Lambert Decl. at ¶¶ 4-7).  Nor are any alleged in the Complaint.  There is simply no basis for the Court to exercise general jurisdiction over Defendants.

### C.   The Court Lacks Specific Jurisdiction Over the Bahamas Paradise Defendants

Nor can Plaintiff show a plausible basis for the Court to assert specific personal jurisdiction over Defendants.  A court may exercise specific jurisdiction where a defendant's "contacts with the forum give rise to the cause of action before the court."  *Unocal*, 48 F.3d at 923.  The Ninth Circuit has set forth a three-part test to determine whether specific jurisdiction exists:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting

DEFS. BAHAMAS PARADISE CRUISE LINE, LLC'S AND CRUISE OPERATOR, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE ACTION   CASE NO. 15-CV-05019-BLF

5

1      activities in the forum, thereby invoking the benefits and protections of its laws;

2      (2) the claim must be one which arises out of or relates to the defendant's forum-
       related activities; and
3

4      (3) the exercise of jurisdiction must comport with fair play and substantial justice,
       *i.e.* it must be reasonable.
5
*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 802).
6

7              "The plaintiff has the burden of proving the first two prongs.  If he does so, the burden

8      shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would not be

9      reasonable." *Id.* at 1212 (citations and quotation omitted).  "The exact form of [the] jurisdictional

10     inquiry depends on the nature of the claim at issue." *Id.*  In tort cases, the courts apply a three-

11     part "effects" or "purposeful direction" test that "look[s] to evidence that the defendant has

12     directed his actions at the forum state, even if those actions took place elsewhere." *Id.* (quoting

13     *Schwarzenegger*, 374 F.3d at 802).  "Under this test, a defendant purposefully directed his

14     activities at the forum if he: '(1) committed an intentional act, (2) expressly aimed at the forum

15     state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id.*

16     at 1214 (quoting *Schwarzenegger*, 374 F.3d at 803).

17             While Plaintiff simply alleges, in a sweeping statement grouping all Defendants together,

18     that "Defendants have purposefully availed themselves of the resources and protections of

19     California," (Compl. at ¶ 4), that conclusory and threadbare allegation fails to make a *prima facie*

20     showing of "purposeful direction" by Bahamas Paradise or Cruise Operator.  Nowhere does the

21     Complaint state any facts to render that conclusion plausible as to the Bahamas Paradise

22     Defendants.  Plaintiff does not allege any intentional act by either of the Bahamas Paradise

23     Defendants expressly aimed or directed at California, or any plausible connection to the telephone

       calls he received.
24

25             Plaintiff concedes that a different Defendant, Grand Bahama, placed the telephone calls

26     he received.  (Compl. at ¶ 13).  It is black letter law that the "'minimum contacts' necessary to

27     create specific jurisdiction . . . . must arise out of contacts that the 'defendant *himself*' creates with

28     the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1122-23 (2014) (quoting *Burger King Corp.*

1   *v. Rudzewicz*, 471 U.S. 462, 475 (1985)).   The Supreme Court, for example, has "consistently

2   rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating

3   contacts between the plaintiff (or third parties) and the forum State." *Id.* (collecting cases).

4      With the focus directed on what conduct by the Bahamas Paradise Defendants is alleged

5   to connect them to the telephone calls Plaintiff claims to have received, the only such allegation is

6   the repeated assertion, "[o]n information and belief," that Grand Bahamas was ***acting at the***

7   ***direction of [Bahamas Paradise] and [Cruise Operator]***."   (Compl. at ¶¶ 11, 13, 20 (emphasis

8   added)).   Bahamas Paradise or Cruise Operator, however, are not related to Grand Bahama, and

9   they have no involvement with whatever telemarketing calls it may make.   (Ryerson Decl. at ¶¶ 7-

10   13; Lambert Decl. at ¶¶ 8-14).   It is implausible and speculative that unrelated entities would act

11   in concert or at the direction of one another in its marketing activities.   The Complaint lacks any

12   well-pleaded, non-conclusory facts to "nudge[ ]" Plaintiff's repeated, naked assertion that the call

13   he received was made "at the direction of" the Bahamas Paradise Defendants "from conceivable

14   to plausible" as a basis of obtaining personal jurisdiction.   *Bell Atl. Corp. v. Twombly*, 550 U.S.

15   544, 570 (2007).

16      Indeed, the only seeming basis for Plaintiff's "information and belief" appears to be the

17   further allegation, made upon yet more "information and belief," that "the cruise to which the call

18   referred was aboard a cruise ship called the 'Grand Celebration.'"   (Compl. at ¶ 15).   There is

19   nothing in the Complaint, though, that supports Plaintiff's "belief" that the cruise mentioned on

20   the telephone call was aboard the *Grand Celebration*, nor would that matter since neither of the

21   Bahamas Paradise Defendants own the cruise ship.   (Lambert Decl. at ¶ 4).   And, more

22   importantly, Plaintiff's "belief" has absolutely no bearing on the necessary hook for *specific*

23   jurisdiction of whether Bahamas Paradise or Cruise Operator directed Grand Bahamas to call

24   Plaintiff or anyone else in California.   In fact, they have had no involvement with any such

25   telemarketing, let alone a directorial role.   (Ryerson Decl. at ¶¶ 8-13; Lambert Decl. at ¶¶ 9-14).

26      That "belief" is the entire crux of Plaintiff's assertion that the Bahamas Paradise

27   Defendants had anything to do with his call, but it is entirely unsupported by any allegations of

28   fact and contradicted by the evidence.   Plaintiff cannot use the formulation "[o]n information and

1    belief" as a thin veneer to disguise the wholly speculative and unsupported nature of his allegation

2    to obtain personal jurisdiction.  *See Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 694 (9th Cir.

3    2009) (finding insufficient allegations "upon information and belief" that an entity conducted

4    business in the United States at Defendant's Seattle headquarters where no further facts were

5    alleged); *HPEV, Inc. v. Spirit Bear Ltd.*, No. 13-CV-01548-JAD, 2014 WL 6634838, *5 (D. Nev.

6    Nov. 21, 2014) (holding that allegations "[o]n information and belief" that defendant "knowingly

7    aided, abetted and participated" with other defendant to breach fiduciary duties, without offering

8    any facts of such aiding and abetting, "[n]ot only . . . fail to state a claim for relief . . . but they

9    also fail to provide any basis for this court to exercise personal jurisdiction over this non-resident

10   defendant").

11           The Complaint's lack of any facts supporting his belief shows that, at bottom, Plaintiff

12   has only his sheer speculation that the call he received was for a cruise aboard a vessel that Cruise

13   Operator is under contract with the vessel owner to operate, (Lambert Decl. at ¶ 4), and that

14   somehow means Cruise Operator or Bahamas Paradise not only had a hand in, ***but directed***,

15   Grand Bahama's telemarketing activities.  Such wild and unsupported speculation cannot be

16   credited.  *Accord Butcher's Union*, 788 F.2d at 540.  Indeed, courts in the Ninth Circuit have long

17   found similarly "broad and conclusory allegations" to "fall[ ] far short of the showing needed" to

18   base personal jurisdiction on an agency or some other relationship.  *Stewart v. Screen Gems-EMI*

19   *Music, Inc.*, 81 F. Supp. 3d 938, 957 (N.D. Cal. 2015).  *See also*, *e.g.*, *Shimmick Const.*

20   *Co./Obayashi Corp. v. Officine Meccaniche Galletti-O.M.G. S.R.L.*, No. 13-CV-2700-BAS JLB,

21   2014 WL 5847440, *8 (S.D. Cal. Nov. 12, 2014) ("Plaintiff simply fails to identify any facts

22   either alleged in the CAC or contained in the evidence submitted suggesting that Defendants

23   acted" as other defendants' agents, and "[t]hus, the one-sentence argument is wholly inadequate

24   to impute the other Ober Defendants' jurisdiction to Mr. Ober and ROA under an agency

25   theory."); *Osborne*, 2013 WL 3892946 at *10 (holding general allegations of a fraudulent scheme

26   "simply concludes this to be the case without providing specific facts," rendering "plaintiff's

27   allegations . . . conclusory and inadequate to support the exercise of personal jurisdiction."); *Lee*

28   *v. Abdel-Haq*, No. C11-2021RSL, 2013 WL 587654, *4 (W.D. Wash. Feb. 14, 2013) ("Plaintiffs

allege that Mr. Abdel–Haq and all of the corporate entities identified in the complaint are alter egos of each other. Such a bare and conclusory allegation is not enough to establish personal jurisdiction, however."); *Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*, No. 10-CV-00510-GMN, 2010 WL 3167984, *2 (D. Nev. Aug. 9, 2010) ("[O]ther than conclusory allegations, Plaintiffs have failed to allege even the existence of facts that would support applying alter ego or exercising personal jurisdiction over CBC."); *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 819 n.4 (N.D. Cal. 2008) ("Plaintiff . . . cannot rest her argument for jurisdiction over the Hilton defendants on a conclusory allegation that the Barry defendants acted as Hilton's agents."); *Pyle v. Hatley*, 239 F. Supp. 2d 970, 979 (C.D. Cal. 2002) ("[C]onclusory conspiracy allegations are insufficient to establish that this Court can exercise personal jurisdiction over defendants . . . .").

Plaintiff's allegations of an extensive role by the Bahamas Paradise Defendants in an unrelated company's telemarketing activities, based solely on unexplained speculation, is no different.  And, given the submission of evidence expressly refuting his (implausible) allegations, Plaintiff can no longer stand on his already-deficient allegations.  *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (holding that in deciding a motion to dismiss, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit").  Dismissal for lack of personal jurisdiction is therefore appropriate.

## II.   THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE BAHAMAS PARADISE DEFENDANTS

Plaintiff's unsupported speculation that the Bahamas Paradise Defendants directed the telemarketing activities at issue in this case also requires dismissal of the Complaint against the Bahamas Paradise Defendants under Rule 12(b)(6) for failure to state a claim.

### A.   Pleading Standards

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  To satisfy the pleading requirements of Federal Rule of Civil

DEFS. BAHAMAS PARADISE CRUISE LINE, LLC'S AND CRUISE OPERATOR, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE ACTION   CASE NO. 15-CV-05019-BLF

9

1   Procedure 8(a), "a complaint must contain sufficient factual matter, accepted as true, to state a

2   claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial

3   plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable

4   inference that the defendant is liable for the misconduct alleged." *Id.* at 556.  A "sheer possibility

5   that the defendant has acted unlawfully" is insufficient, and "factual allegations must be enough

6   to raise a right to relief above the speculative level." *Id.* at 555-56.

7           When determining whether a claim has been stated, the Court accepts as true all well-

8   pleaded factual allegations and construes them in the light most favorable to the plaintiff. *Reese*

9   *v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  But "the tenet that a court

10  must accept as true all of the allegations contained in a complaint is inapplicable to legal

11  conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, "bare assertions" which

12  "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, must be

13  rejected as "conclusory and [are] not entitled to be assumed true." *Id.* at 681 (quoting *Twombly*,

14  550 U.S. at 555).

15          **B.      The Complaint Fails to Allege Vicarious Liability**

16          It is settled that direct liability under the TCPA can exist only against the actual ***"maker"***

17  of the call(s) at issue, *i.e.*, the party that physically placed the calls.  *See*, *e.g.*, *Thomas v. Taco Bell*

18  *Corp.*, 582 Fed. Appx. 678, 679 (9th Cir. 2014); *Freidman v. Massage Envy Franchising, LCC*,

19  No. 12-cv-02962-L-RBB, 2013 WL 3026641, *4 (S.D. Cal. June 13, 2013).  As that is undeniably

20  alleged in the Complaint to be Grand Bahama, (Compl. at ¶ 13), only vicarious liability can be

21  alleged against the Bahamas Paradise Defendants.  *Accord Gomez v. Campbell-Ewald Co.*, 768

22  F.3d 871, 877 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 2311 (2015); *Thomas*, 582 Fed. Appx. at

23  679.  The Complaint, however, is devoid of any well-pleaded, non-conclusory facts supporting

24  vicarious liability, and thus fails to state a plausible claim under the TCPA against the Bahamas

25  Paradise Defendants.

26          Like a number of other courts, the Ninth Circuit has adopted the FCC's declaratory ruling

27  that a party who did not make a telephone call "may be held vicariously liable under federal

28  common law principles of agency for TCPA violations committed by third-party telemarketers,"

namely the doctrines of formal agency, apparent authority, and ratification. *See In re DISH Network LLC*, 28 F.C.C. Rcd. 6574, 6584 (2013) (adopted in *Gomez*, 768 F.3d at 878 and *Thomas*, 582 Fed. Appx. at 679).

To adequately plead vicarious liability for an alleged TCPA violation, a plaintiff must allege facts supporting *each* of the elements of the agency theory they claim supports vicarious liability. *See, e.g., Murray v. Choice Energy, LLC*, No. 15-CV-60, 2015 WL 4204398, *4 (S.D. Ohio July 10, 2015); *Bank v. Philips Electronics N. Am. Corp.*, No. 14-cv-5312 JG VMS, 2015 WL 1650926, *3 (E.D.N.Y. Apr. 14, 2015); *Jackson v. Caribbean Cruise Line, Inc.*, No. 14-cv-2485 (ADS)(AKT), 2015 WL 667862, *7-8 (E.D.N.Y. Feb. 17, 2015); *Toney v. Quality Resources, Inc.*, 75 F. Supp. 3d 727, 742-746 (N.D. Ill. 2014). *See also United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010) (defining actual agency); *N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997) (defining apparent authority); *Corns v. Laborers Int'l Union of N. Am.*, 62 F. Supp. 3d 1105, 1114 (N.D. Cal. 2014) (defining ratification).

Here, the Complaint fails to even identify the theory of agency that Plaintiff relies upon for vicarious liability, let alone allege specific facts sufficient to state a plausible claim. Plaintiff instead falls back on his conclusory and naked assertion, "on information and belief," that the calls he received were initiated by Grand Bahama "acting at the direction of [Bahamas Paradise] and [Cruise Operator]." (Compl. at ¶¶ 11, 13, 20). That will not do, especially considering the lack of any relationship between Grand Bahama and the Bahamas Paradise Defendants.

Indeed, even in the employer-employee context, where an allegation of control is more plausible, the Ninth Circuit has held that the "general statement" that an employer "exercised control over [plaintiffs'] day-to-day employment is a conclusion, not a factual allegation stated with any specificity," and did not need to be accepted on a motion to dismiss. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009). Thus, Plaintiff cannot simply allege that a party was "acting at the direction of" another, without any alleged facts to render that conclusion plausible (as opposed to conceivable), to state a claim for vicarious liability under the TCPA:

> [R]ote recitation of conclusory language intended to establish a relationship between [two parties] is not enough to show an agency relationship . . . . Plaintiffs have alleged that . . . M6 'was acting as an agent and/or employee of Defendants Franchising . . . and was acting within the course and scope of said agency . . . ." . . . . Absent from the complaint are facts that might demonstrate the [elements] which would raise the allegations beyond the speculative.  Instead, Plaintiffs rely on legal conclusions as if they were facts.

*Freidman*, 2013 WL 3026641 at *3.

Similarly, another court from this District also dismissed a TCPA claim against a purported principal because the "[c]omplaint has virtually no allegations regarding the relationship between" it and the purported agent, and stated no well-pleaded facts to show that the defendant "controlled, authorized, or even knew about [the purported agent's] phone calls or that [defendant] had any control over [the purported agent]."  *Panacci v. A1 Solar Power, Inc.*, No. 15-CV-00532-JCS, 2015 WL 3750112, *7 (N.D. Cal. June 15, 2015).  *See also*, *e.g.*, *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 911 (C.D. Cal. 2011) ("Plaintiffs may not rest on legal conclusions regarding agency that are cast as factual allegations.").

Indeed, the Southern District of California held that where the only allegation particular to a certain defendant was that "various wrongdoing alleged in the complaint was done '***at the direction of defendant***'" – the same (and only) allegation made against the Bahamas Paradise Defendants – the plaintiff failed to state a claim for relief because he "did not allege any facts to buttress the latter conclusory allegation."  *Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, No. 09CV2145-L BLM, 2011 WL 3475361, *7 (S.D. Cal. Aug. 5, 2011) (emphasis added), *aff'd*, 727 F.3d 917 (9th Cir. 2013).  The court found that allegation "tenders no more than 'naked assertions devoid of further factual enhancement' [and] is insufficient."  *Id.* (quoting *Iqbal*, 556 U.S. at 678).  The same is true of Plaintiff's allegation here.

Finally, the fact that Plaintiff's allegation is made on "information and belief" – which is compounded by the further "information and belief" that "the cruise to which the call referred was aboard a cruise ship" operated by the Bahamas Paradise Defendants, (Compl. at ¶¶ 11, 13, 20) – does not permit a lowered pleading standard or excuse the failure to allege facts sufficient to state a plausible claim.  Just the opposite, "[t]he plausibility of [the] allegations is diminished further

by the fact that . . . the allegations are made almost entirely 'on information and belief.'" *Canas v. City of Sunnyvale*, No. C 08-5771 JF (PVT), 2009 WL 2160572, *4 (N.D. Cal. July 20, 2009). It is black letter law that "[a]llegations based on information and belief must still include factual content that make them plausible," and the "fail[ure] to include any factual support even suggesting the source of the information or other detail rendering the claims plausible" fails to state a claim. *McGuire v. Recontrust Co.*, No. 11-CV-2787 KJM-CKD, 2013 WL 3863903, *6 (E.D. Cal. July 24, 2013). *See also Vivendi*, 586 F.3d at 694; *Solis v. City of Fresno*, No. 11-CV-00053 AWI GSA, 2012 WL 868681, *8 (E.D. Cal. Mar. 13, 2012) ("In the post-*Twombly* and *Iqbal* era, pleading on information and belief, without more, is insufficient to survive a motion to dismiss for failure to state a claim."); *Kemp v. Int'l Bus. Machines Corp.*, No. C-09-4683 MHP, 2010 WL 4698490, *4 (N.D. Cal. Nov. 8, 2010) (explaining an allegation "on information and belief" "does not demonstrate beyond a highly speculative level" the alleged fact, and fails to "'unlock the doors of discovery' . . . without providing some specific facts that would assure the court that there is some plausible basis for liability.").

At no point does the Complaint state any facts to support or identify the source of Plaintiff's "information and belief" somehow connecting the Bahamas Paradise Defendants, and placing them in the director's seat, to calls Plaintiff claims to have received from an unrelated company. The Complaint offers no plausible basis to hold the Bahamas Paradise Defendants liable for calls made by an unrelated company, and it should therefore be dismissed.

## III.   IN THE ALTERNATIVE, THE COURT SHOULD STAY THIS ACTION PENDING THE SUPREME COURT'S DECISIONS IN *SPOKEO* AND *CAMPBELL-EWALD*

In the alternative, if the Court does not dismiss the Complaint, it should follow the rulings of a number of other courts in the Ninth Circuit and throughout the country and stay this putative TCPA class action pending the Supreme Court's forthcoming and potentially dispositive decisions in *Spokeo* and *Campbell-Ewald*.

### A.   This Case Implicates the Issues Raised in Both *Spokeo* and *Campbell-Ewald*

In his Complaint, Plaintiff seeks only statutory damages and injunctive relief under the

TCPA.  (Compl. at ¶¶ 3, 33, and page 9).  Plaintiff does not allege that he suffered any type of harm or injury as a result of allegedly receiving these calls.  Moreover, in the event the Court does not grant their Motion to Dismiss, the Bahamas Paradise Defendants will serve an offer upon Plaintiff that would provide him more than full relief on his claim for damages and injunctive relief.  The looming decisions in both *Spokeo* and *Campbell-Ewald* will therefore apply directly to this case, and potentially be dispositive.

In *Spokeo*, the Supreme Court will determine whether Congress may confer Article III standing upon a plaintiff who, like Plaintiff here, suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.  (Backman Decl., Ex. A at i (Pet. for Writ of *Certiorari*, *Spokeo, Inc. v. Robins*)).  The answer to *Spokeo*'s certified question directly impacts whether the Plaintiff and the putative class members each have standing in this action under the TCPA by virtue of their bare statutory violations when they, similarly, have not suffered any concrete harm.  This, in turn, would affect the analysis on class certification because individualized issues will predominate if each class member would need to show an actual injury beyond a mere statutory violation.

*Campbell-Ewald* is a TCPA putative class action, like this case, where the defendant offered the named plaintiff more than full satisfaction of his individual claims.  The Supreme Court will decide whether a putative class action becomes moot when the named plaintiff receives an offer under Rule 68 of complete relief on his or her claim.  (Backman Decl., Ex. B at i (Pet. for Writ of *Certiorari*, *Campbell-Ewald Co. v. Gomez*)).  An answer in the affirmative will effectively bring an end to the proceedings in this case as mooted, since the Bahamas Paradise Defendants will make such an offer to Plaintiff if they are not already dismissed from the case.

**B.    The Applicable Factors All Weigh in Favor of Granting a Stay**

There is substantial precedent for granting a stay under such circumstances.  Courts in the Ninth Circuit have routinely stayed proceedings in cases pending the Supreme Court's resolution of a related case that may be dispositive or significantly affect the case being stayed.  *See Sierra Med. Servs. Alliance v. Maxwell-Jolly*, No. CV 10-04182 CAS, 2011 WL 3837076 (C.D. Cal.

1   Aug. 29, 2011; *Cardenas v. AmeriCredit Financial Servs., Inc.*, No. C 09-04978 SBA, 2011 WL

2   846070 (N.D. Cal. Mar. 8, 2011); *Carney v. Verizon Wireless Telecom, Inc*., No. 09-CV-1854

3   DMS, 2010 WL 3058106, (S.D. Cal. Aug. 2, 2010); *NGV Gaming, Ltd. v. Harrah's Operating*

4   *Co., Inc.*, No. 04-3955 SC, 2008 WL 4951587 (N.D. Cal. Nov. 18, 2008); *Ashby v. Farmers*

5   *Group, Inc*., No. 01-CV-1446-BR, 2006 WL 3169381 (D. Ore. Oct. 30, 2006).

6       And, more specifically, a significant and increasing number of courts have stayed cases

7   on account of the very Supreme Court cases at issue here, *Spokeo* and/or *Campbell-Ewald*. *See*,

8   *e.g.*, *Lopez v. Miami-Dade County*, No. 15-Civ-22943-COOKE/TORRES, 2015 WL 7202905, *1

9   (S.D. Fla. Nov. 6, 2015); *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity*

10  *Corp.*, No. CV 15-04767-AB, 2015 WL 6579779, *2 (C.D. Cal. Oct. 19, 2015); *Duchene v.*

11  *Westlake Servs., LLC*, No. 13-CV-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015); *Yaakov v.*

12  *Varitronics, LLC*, No. CIV. 14-5008 ADM/FLN, 2015 WL 5092501 (D. Minn. Aug. 28, 2015);

13  *Provo v. Rady Children's Hosp.-San Diego*, No. 15CV0081 JM BGS, 2015 WL 6144029, *2

14  (S.D. Cal. July 29, 2015); *Stone v. Sterling Infosystems, Inc.*, No. 15-CV-00711-MCE-DAD, 2015

15  WL 4602968, *3 (S.D. Cal. July 29, 2015); *Wolf v. Lyft, Inc.*, No. C 15-01441 JSW, 2015 WL

16  4455965 (N.D. Cal. July 20, 2015); *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL

17  4077433, *5-6 (S.D. Fla. July 6, 2015);  *Larson v. Trans Union* LLC, No. 12-CV-057260-WHO,

18  2015 WL 3945052, *1, 16 (N.D. Cal. June 26, 2015); *Ramirez v. Trans Union, LLC*, No. 12-CV-

19  00632-JSC, 2015 WL 6159942, *2 (N.D. Cal. June 22, 2015).

20      The power to stay proceedings is incidental to the power inherent in every court to

21  control the disposition of the causes on its docket with economy of time and effort for itself, for

22  counsel, and for litigants.  *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).   In

23  determining whether to grant a stay, courts examine general factors such as whether a stay will

24  unduly prejudice or damage the non-moving party; simplify the issues and streamline trial; and

25  reduce the burden of litigation on the parties and on the court and avoid a hardship on the moving

26  party if the case is allowed to go forward.  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.

27  2005).  The proponent of a stay has the burden of proving the requested stay is justified.  *Clinton*

28  *v. Jones*, 520 U.S. 681, 708 (1997).  Each of these factors weighs in favor of the Court granting a

1   stay here.

2       **1.**  **Either *Spokeo* or *Campbell-Ewald* May Have a Dispositive Effect Here**

3      If the Supreme Court finds in *Spokeo* that alleging statutory damages is not enough to

4   confer standing under Article III, then this Court will lack subject matter jurisdiction over this

5   case. This result undercuts Plaintiff's entire case, which seeks recovery of only statutory

6   damages. Indeed, the *Spokeo* decision might require an immediate dismissal by this Court.

7   *Duchene*, 2015 WL 5947669, *3 (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523,

8   1528 (2013) (holding that "an actual controversy must be extant at all stages of review," so "if an

9   intervening circumstances deprives the plaintiff of a personal stake in the outcome of the lawsuit,

10   at any point during the litigation, the action can no longer proceed and must be dismissed as

11   moot.")).

12      And a decision in *Campbell-Ewald* that a named plaintiff's receipt of an offer of

13   complete relief moots not only their individual claim, but perhaps the class action as well, will

14   also effectively bring the case to a close. Awaiting a decision in *Spokeo* and *Campbell-Ewald*

15   before requiring the parties or the Court to engage in any further proceedings that may be

16   rendered unnecessary would be consistent with how other district courts have decided to handle

17   the potentially dispositive effect of either *Spokeo* or *Campbell-Ewald* (or both). *See Boise*, 2015

18   WL 4077433 at *6 ("Either of these two cases [*Ewald-Campbell* or *Spokeo*] may conclusively

19   determine whether this Court has the subject matter jurisdiction to hear Plaintiff's claims at all.

20   Therefore, . . . the significant 'time, expense, and resources required to litigate this case on the

21   merits will be for naught if the Supreme Court rules either that plaintiffs like Boise lack Article III

22   standing or that Boise's claims are moot (or both).'"). *See also*, *e.g.*, *Fromer Chiropractic*, 2015

23   WL 6579779 at *2; *Stone*, 2015 WL 4602968 at *1; *Larson*, 2015 WL 3945052 at *8.

24       **2.**  **Staying this Action and Awaiting the Potentially-Dispositive**
25          ***Spokeo* and *Campbell-Ewald* Decisions Will Save Judicial Economy**

26      A stay is appropriate at this time because of *Spokeo* and *Campbell-Ewald*'s potentially

27   dispositive consequences for the case at hand. Indeed, there is a distinct possibility that either

28   decision will result in the Plaintiff lacking standing and the Court losing jurisdiction to hear the

case.  If that happens, any judicial resources spent on this matter between now and then would have been wasted.  *Duchene*, 2015 WL 5947669 at *4.  *See also Stone*, 2015 WL 4602968 at *2 (noting a stay would avoid "unnecessary use of judicial resources" to adjudicate discovery disputes and class certification issues).  As noted in *Larson*, "if the case is not stayed, the Court, the parties, and the absent class members . . . would all face the risk of dedicating substantial resources to proceedings that may ultimately prove unnecessary."  2015 WL 3945052 at *8.

Accordingly, it is in the best interests of judicial economy to conserve the Court's resources for those actions in which there is not a risk that a relatively imminent decision (within seven or so months) from the Supreme Court will undo any Court decisions and vitiate any costly and extensive motion practice, briefing, and discovery conducted by the litigants.

### 3.	A Stay Will Benefit the Public Interest

The requested stay would also be in the public interest.  Moving forward with the Sword of Damocles-like situation of two Supreme Court rulings looming over the ensuing proceedings, when just one could dispose of the entire action, would not serve any party's or potential class member's interests.  Not only would all parties suffer prejudice should this case not be stayed, but the public at large would, as well, particularly since "[a] moderate delay here will free up judicial resources," (*Boise*, 2015 WL 4077433 at *6), while the opposite would be true absent a stay, and those limited judicial resources might ultimately be wasted.  Both *Spokeo* and *Campbell-Ewald* have been argued before the Supreme Court during its present Term, and decisions in both are expected to be rendered by July 2016, seven or so months from now.  The Bahamas Paradise Defendants submit that the public interest would be better served by entering a brief stay in this case and having the Court's time and resources directed toward the other matters on its case docket during the stay, particularly when any time spent on this case in the next seven or so months may end up being for naught.

### 4.	None of the Parties Will Suffer a Hardship or Prejudice While Awaiting the Supreme Court's Decisions

Finally, none of the parties will be harmed or prejudiced by the brief stay requested herein.  While Plaintiff may argue he has the right to the speedy resolution of his claims, "having

DEFS. BAHAMAS PARADISE CRUISE LINE, LLC'S AND CRUISE OPERATOR, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE ACTION     CASE NO. 15-cv-05019-BLF

17

to wait eight to nine months to continue litigation is not, itself, sufficiently prejudicial to outweigh the very plain benefits of staying the case, particularly when the issues pending at the Supreme Court go to this Court's power to hear the case." *Duchene*, 2015 WL 5947669 at *4. The many courts that have granted stays have also found it important that the length of the stay was neither indefinite nor immoderate, given that the Supreme Court's decisions in both *Campbell-Ewald* and *Spokeo* would be forthcoming within a year. For example, that factor weighed heavily in favor of a stay in *Ramirez* nearly five months ago, and it weighs even heavier now that the same stay in this case will have a shorter duration. 2015 WL 6159942 at *2 ("Given that the Supreme Court's decision in *Spokeo* may directly impact the Court's class certification ruling, the *Landis* factors weigh strongly in favor of staying this action pending the *Spokeo* decision. The possible prejudice to Plaintiff that will result from a stay is minimal, as the *Spokeo* decision will likely be issued within a year per the Supreme Court's customary practice.").

Accordingly, as the threshold issue of jurisdiction is implicated, in the interests of judicial economy and the public welfare, and given the lack of prejudice to Plaintiff, if the Court does not grant the Bahamas Paradise Defendants' Motion to Dismiss, it should stay the proceedings pending the outcomes at the Supreme Court in *Spokeo* and *Campbell-Ewald*.

## CONCLUSION

The Complaint fails to state any well-pleaded facts that would support the Court's exercise of personal jurisdiction over the Bahamas Paradise Defendants under either general or specific jurisdiction. All that Plaintiff offers is his speculative and naked assertion that both of the Bahamas Paradise Defendants directed the telemarketing activities of an unrelated company, Grand Bahama, without a single well-pleaded fact to support or substantiate such "information and belief." Plaintiff's unadorned "information and belief" also falls far short of stating a claim for relief, and therefore dismissal is appropriate under both Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Finally, and only in the event the Court does not dismiss the Bahamas Paradise Defendants from this action, it should stay the proceedings in this case pending the Supreme Court's decisions in *Spokeo* and *Campbell-Ewald*, either of which could have dispositive effect in this action. As a large number of courts have determined in similar putative

class actions, all of the factors weigh in favor of issuance of a stay under the circumstances presented here.

Dated:   November 20, 2015                    Respectfully Submitted,

                                              /s/  *Jeffrey A. Backman*
                                              GREENSPOON MARDER, P.A.
                                              Richard W. Epstein
                                              (Admitted *Pro Hac Vice*)
                                              Florida Bar No. 229091
                                              Richard.Epstein@gmlaw.com
                                              Jeffrey A. Backman
                                              (Admitted *Pro Hac Vice*)
                                              Florida Bar No. 662501
                                              Jeffrey.Backman@gmlaw.com
                                              Roy Taub
                                              (Admitted *Pro Hac Vice*)
                                              Florida Bar No. 116263
                                              Roy.Taub@gmlaw.com
                                              200 East Broward Blvd., Suite 1800
                                              Fort Lauderdale, FL  33301
                                              Tel:  (954) 491-1120
                                              Fax: (954) 213-0140

                                              LAW OFFICES OF ROBERT S. BOULTER
                                              Robert S. Boulter (SBN 153549)
                                              rsb@boulter-law.com
                                              1101 Fifth Avenue, Suite 235
                                              San Rafael, California 94901-1828
                                              Telephone:  (415) 233-7100
                                              Facsimile: (415) 233-7101

                                              *Attorneys for Defendants Bahamas Paradise*
                                              *Cruise Line, LLC and Cruise Operator, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2015, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using CM/ECF which will serve copies to all counsel of record registered to receive CM/ECF notification, and that it was served upon any other counsel and parties in some other authorized manner.

### SERVICE LIST

GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy
Marc L. Godino
Mark S. Greenstone
1925 Century Park East, Suite 2100
Los Angeles, California 90067

JAURIGUE LAW GROUP
Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
114 North Brand Boulevard, Suite 200
Glendale, California 91203

*Attorneys for Plaintiff*

*/s/ Jeffrey A. Backman*
Jeffrey A. Backman