JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
 michael@jlglawyers.com
Abigail A. Zelenski (SBN 228610)
 abigail@jlglawyers.com
David Zelenski (SBN 231768)
 david@jlglawyers.com
114 North Brand Boulevard, Suite 200
Glendale, California 91203
Telephone:  (818) 630-7280
Facsimile:  (888) 879-1697

GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (SBN 134180)
 lglancy@glancylaw.com
Marc L. Godino (SBN 182689)
 mgodino@glancylaw.com
Mark S. Greenstone (SBN 199606)
 mgreenstone@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160

(Additional counsel listed in signature block)

*Attorneys for Plaintiffs*
*AN PHAN and TAYLOR BARTLETT*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AN PHAN and TAYLOR BARTLETT, as individuals and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>GRAND BAHAMA CRUISE LINE, LLC, a limited-liability company; BAHAMAS PARADISE CRUISE LINE, LLC, a limited-liability company; CRUISE OPERATOR, INC., d/b/a BAHAMAS PARADISE CRUISE LINE, a corporation; and Does 1 through 50, inclusive,<br><br>                Defendants. | Case No. 15-cv-05019-BLF<br><br>**FIRST AMENDED CLASS-ACTION COMPLAINT**<br><br>   1.  Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)<br><br>**DEMAND FOR JURY TRIAL** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### *INTRODUCTION*

1.    Pursuant to rule 23 of the Federal Rules of Civil Procedure, Plaintiffs An Phan ("Phan") and Taylor Bartlett ("Bartlett") bring this class action on behalf of themselves and all others similarly situated against Bahamas Paradise Cruise Line, LLC ("BPCL"); Cruise Operator, Inc. d/b/a Bahamas Paradise Cruise Line ("COI"); Grand Bahama Cruise Line, LLC ("GBCL"); and Does 1 through 50.

2.    As alleged below, BPCL, COI, and GBCL have violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, through their unauthorized contact of consumers on their cellular telephones.  Specifically, BPCL, COI, and GBCL have violated the TCPA by contacting individuals on their cellular telephones through an artificial or prerecorded voice, and/or through the use of an automatic telephone dialing system, without first obtaining the individuals' express written consent, invading their right to privacy.

3.    Pursuant to 47 U.S.C. § 227(b)(3), Plaintiffs and Class Members are entitled to, *inter alia*, statutory damages and injunctive relief for BPCL, COI, and GBCL's violations.

### *JURISDICTION AND VENUE*

4.    *Jurisdiction*.  Phan initiated this action in the Superior Court of the State of California for the County of Santa Clara on September 28, 2015.  Thereafter, on approximately November 2, 2015, BPCL and COI removed the action to the above-captioned Court under 28 U.S.C. §§ 1331, 1441, and 1446.  Federal and state courts have concurrent jurisdiction over suits arising under the TCPA.  See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).  Like the Superior Court, the above-captioned Court therefore has subject-matter jurisdiction over the within action.  Furthermore, this Court has personal jurisdiction over BPCL, COI, and GBCL because, as alleged below, they have purposefully availed themselves of the resources and protections of California by engaging in activities expressly aimed at California residents, and by conducting business and having systematic contacts within the State of California.

5.    *Venue*.  As alleged more particularly below, venue is proper in the United States District Court for the Northern District of California because the events, omissions, and/or injuries giving rise to Plaintiffs' claim for relief occurred, in part, within the County of Santa Clara, which County is located in the Northern District.

1    6.    ***Intradistrict Assignment***.  Following removal, this action was assigned to the San Jose

2    Division for all proceedings.

3    *PARTIES*

4    7.    Phan is, and at all times relevant to this action was, a resident of Santa Clara County,

5    California.  He is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C.

6    § 153.

7    8.    Bartlett is, and at all times relevant to this action was, a resident of Jefferson County,

8    Alabama.  He is, and all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

9    9.    Plaintiffs are informed and believe, and based thereon allege, that BPCL is a limited-

10    liability company, formerly known as Grand Holiday Cruise Line, LLC, with its principal place of

11    business located at 1 East 11th Street, Suite 200, Riviera Beach, Florida 33404.  Plaintiffs are further

12    informed and believe, and based thereon allege, that BPCL changed its name from Grand Holiday

13    Cruise Line, LLC on or about December 22, 2014.  BPCL is, and at all times relevant to this action was,

14    a "person" as defined under 47 U.S.C. § 153.

15    10.    Plaintiffs are informed and believe, and based thereon allege, that COI is a corporation

16    with its principal place of business located at 1 East 11th Street, Suite 200, Riviera Beach, Florida

17    33404.  COI is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

18    11.    Plaintiffs are informed and believe, and based thereon allege, that BPCL and COI are the

19    owners and/or operators of the vessel "Grand Celebration."

20    12.    Plaintiffs are informed and believe, and based thereon allege, that GBCL is a limited-

21    liability company with its principal place of business located at 801 International Parkway, 5th Floor,

22    Lake Mary, Florida 32746.  GBCL is, and at all times relevant to this action was, a "person" as defined

23    under 47 U.S.C. § 153.

24    13.    Plaintiffs are informed and believe, and based thereon allege, that GBCL is a "tour

25    operator" or "sister company" of BPCL and COI that, at the direction of BPCL and COI, contacts

26    consumers to purchase tickets to sail on the Grand Celebration.  See BPCL & COI, http://www.

27    bahamasparadisecruise.com/Tour-Operators-Grand-Celebration-Cruise-Line.html (BPCL and COI's

28    website, stating that "[t]our operators . . . bring passengers to sail on the Grand Celebration" and "are a

1    big part of [BPCL]'s success") (last visited Dec. 9, 2015); GBCL, http://www.mygrandcruise.com

2    (GBCL's website, referring to cruises on the Grand Celebration) (last visited Dec. 9, 2015).

3         14.    Plaintiffs are informed and believe, and based thereon allege, that all of the acts and

4    omissions alleged herein were performed by, or are attributable to, BPCL, COI, GBCL, and Does 1

5    through 50 (collectively "Defendants"), each acting as the agent for the others, with the legal authority

6    to act on the others' behalf.  The acts of any and all Defendants were in accordance with, and represent,

7    the official practice and policy of Defendants.  Plaintiffs are unaware of the true names or capacities of

8    the Defendants sued herein under the fictitious names "Doe 1" through "Doe 50," but Plaintiffs will seek

9    leave of this Court to amend this Complaint and serve such fictitiously named Defendants once their

10   names and capacities become known.

11        15.    Plaintiffs are informed and believe, and based thereon allege, that Does 1 through 50

12   were the partners, agents, owners, shareholders, managers, co-conspirators, or employees of BPCL,

13   COI, and GBCL at all relevant times.

14        16.    Plaintiffs are informed and believe, and based thereon allege, that each Defendant is in

15   some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences,

16   and transactions of each and all of the other Defendants in proximately causing the damages herein

17   alleged.

18        17.    At all relevant times, Defendants, and each of them, ratified each and every act or

19   omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted

20   the acts and omissions alleged herein.

21                              *GENERAL ALLEGATIONS*

22        18.    ***The Calls to Plaintiff Phan.***  On or about August 28, 2015, at approximately 8:20 p.m.,

23   Phan received a prerecorded- or artificial-voice telephone call on his cellular telephone (telephone

24   number (408) --- – 7689).  According to Phan's caller ID, this incoming telephone call was placed from

25   telephone number (213) 257–5233.  On information and belief, Plaintiffs allege that GBCL initiated this

26   call to Phan's cellular telephone and that GBCL was acting at the direction of BPCL and COI.

27        19.    Upon answering the call and saying "hello," a prerecorded or artificial voice stated that

28   Phan had won a free cruise to the Bahamas.  The prerecorded or artificial voice then stated that Phan had

1   the option either to "opt out of the call" by pushing a number on his dial pad, or to speak to an agent.

2   Phan decided to opt out of the call, pushed the number as directed, and hung up.

3        20.     On information and belief, the cruise to which the call referred was aboard a cruise ship

4   called the Grand Celebration.

5        21.     On or about August 28, 2015, at approximately 8:28 p.m., Phan received a second

6   incoming call from the same telephone number set forth in paragraph 18 above.  Phan canceled this call

7   without answering, having already once "opted out" of the call just eight minutes earlier.

8        22.     Phan had never given any signed authorization to anyone expressly permitting

9   Defendants—or anyone acting on Defendants' behalf—to use his cellular-telephone number for

10   telemarketing or advertising purposes.  He also has never gone on a cruise.

11        23.     The above-alleged calls that Phan received were clearly sent without an emergency

12   purpose; instead, they were sent for the purpose of advertisement or telemarketing to encourage the

13   purchase of goods or services.  On information and belief, Plaintiffs allege that the purpose of the calls

14   received by Phan was to advertise or encourage the purchase of cruise packages from Defendants.

15   According to GBCL's own website, GBCL offers "free" cruises aboard the Grand Celebration—again,

16   the ship owned and/or operated by BPCL and COI—to consumers in an attempt to upsell additional

17   travel packages and services to the consumers.  See GBCL, http://www.mygrandcruise.com/#!terms-

18   and-conditions/c1huy (GBCL's website, describing offers for "complimentary . . . cruise[s] aboard the

19   Grand Celebration," and stating that "[u]pgraded rooms and travel options are available at additional

20   costs" and that, by participating in the free-cruise program, the consumer "expressly request[s] and

21   consent[s] to return telephone calls relating to the fulfillment of th[e free-cruise] offer and other offers,"

22   including "additional discount travel benefits") (emphasis removed) (last visited Dec. 9, 2015).  Indeed,

23   the cruises are not actually free, as consumers remain responsible for various hidden fees—a fact

24   stressed by consumers in various complaints filed against GBCL with the Better Business Bureau.  See

25   Better Business Bureau, http://www.bbb.org/central-florida/business-reviews/vacation-certificates-and-

26   vouchers/grand-bahama-cruise-line-in-lake-mary-fl-90285521/complaints (last visited Dec. 9, 2015).

27   Those complaints also refer to "high-pressure sales tactics" made by GBCL in conjunction with its

28   "free-cruise" offers.  See id.  Based on these reviews, the Better Business Bureau has given GBCL an

1    "F" rating.  See Better Business Bureau, http://www.bbb.org/central-florida/business-reviews/vacation-

2    certificates-and-vouchers/grand-bahama-cruise-line-in-lake-mary-fl-90285521#reasonrating (last visited

3    Dec. 9, 2015).

4           24.     The only cruise ship referred to on GBCL's website is the Grand Celebration.  Although

5    GBCL's website seems to suggest that free-cruise offers aboard that ship will be made only to

6    consumers who have first submitted a "Registration Form" printable from the website, Phan himself

7    never received or completed any such document.  Indeed, prior to receiving the above-alleged phone

8    calls, Phan had never heard of, or received any documentation from, GBCL; nor had he ever visited

9    GBCL's website.  In any event, there is no link anywhere on GBCL's website to access or print any

10   Registration Form.  Likewise, although the website states that the Form can be submitted "via . . .

11   internet," there is no submission link anywhere on the website.

12          25.     The 408 area-code prefix for Phan's cellular-telephone number is a Santa Clara County,

13   California area code.  Phan's cellular-telephone number is linked to a subscription plan under which he

14   is charged each month for cellular-telephone and data services.  At the time that the above-alleged calls

15   were received, Phan was in California.

16          26.     ***The Calls to Plaintiff Bartlett.***  GBCL made calls to Bartlett's cellular telephone

17   (telephone number (205) --- – 6630) on or after October 16, 2013, including during the week of August

18   17, 2015.  According to Bartlett's caller ID, at least one of the incoming calls was placed from telephone

19   number (205) 721–2665.  On information and belief, Plaintiffs allege that GBCL initiated these calls to

20   Bartlett's cellular telephone and that GBCL was acting at the direction of BPCL and COI.

21          27.     Upon answering certain of the calls, a prerecorded or artificial voice stated that Bartlett

22   had won a free cruise to the Bahamas.  Upon answering the other calls, Bartlett heard several seconds of

23   "dead air" while GBCL's dialer system connected the call to a live operator.  On information and belief,

24   Plaintiffs allege that the system GBCL used to call Bartlett had a timing function that enabled GBCL to

25   "predict" when a live operator would be available to take the call.  In other words, GBCL programmed

26   its dialing system to call consumers at a preset rate to ensure that, when the consumers picked up the

27   call, a live operator would be available.  The dead air that Bartlett experienced was the system's waiting

28   for a live operator to actually become available to take his call.  On further information and belief,

1    Plaintiffs allege that GBCL's "predictive-dialer" system called numbers (including Bartlett's) that had

2    been entered into a database accessible by the system; alternatively, the system simply called numbers

3    (including Bartlett's) in random sequences of ten digits, or in consecutive sequences of ten digits (*e.g.*,

4    (111) 111–1111, (111) 111–1112, *etc.*).

5          28.      The purpose of the above-alleged calls that Bartlett received was to promote the sale of

6    cruises from Defendants.  During one of the calls, Bartlett spoke to a GBCL operator who identified

7    himself as a "promotional director" and who forwarded Bartlett to GBCL's website, www.mygrand

8    cruise.com.  This is the same website discussed in paragraphs 23 and 24 above.  Again, the only ship

9    mentioned anywhere on that website is the Grand Celebration.  In addition, as with the Better Business

10   Bureau complaints discussed in paragraph 23 above, GBCL's sales pitch to Bartlett was highly

11   aggressive.

12         29.      Bartlett had never given any signed authorization to anyone expressly permitting

13   Defendants—or anyone acting on Defendants' behalf—to use his cellular-telephone number for

14   telemarketing or advertising purposes.  His cellular-telephone number, in fact, is listed with the federal

15   do-not-call registry.  He also has never gone on a cruise.

16         30.      Although, as set forth above, GBCL's website seems to suggest that free-cruise offers

17   will be made only to consumers who have first submitted a "Registration Form" printable from the

18   website, Bartlett himself never received or completed any such document.  Indeed, prior to receiving the

19   above-alleged phone calls, Bartlett had never heard of, or received any documentation from, GBCL; nor

20   had he ever visited GBCL's website.  In any event, also as set forth above, there is no link anywhere on

21   GBCL's website to access or print any Registration Form, and, although the website states that the Form

22   can be submitted "via . . . internet," there is no submission link anywhere on the website.

23         31.      Bartlett's cellular-telephone number is linked to a subscription plan under which he is

24   charged each month for cellular-telephone and data services.

25         32.      ***BPCL and COI's Relationship to GBCL.***  Plaintiffs are informed and believe, and based

26   thereon allege, that GBCL placed thousands of similar calls, all for advertising or telemarketing

27   purposes, to the cellular-telephone numbers of members of the general public, and that GBCL either is a

28   tour operator for BPCL and COI, or has been retained by BPCL and COI to undertake promotional

1   activities on their behalf.  GBCL's calls to consumers therefore either were placed at the direction of

2   BPCL and COI, or with the knowledge of BPCL and COI, and, because BPCL and COI own and/or

3   operate the Grand Celebration, they stood to benefit from any cruise packages sold by GBCL.  More

4   specifically, according to BPCL and COI's own website, "[t]our operators are a big part of [BPCL]'s

5   success," with "[m]any of the[m]" providing offers to consumers for a "2-night cruise or a cruise &

6   Bahamas resort stay package inside of a larger package," including a larger-package "stay in South

7   Beach and/or a stay in Orlando."  BPCL & COI, http://www.bahamasparadisecruise.com/Tour-

8   Operators-Grand-Celebration-Cruise-Line.html (last visited Dec. 9, 2015).  This is precisely the type of

9   offer that GBCL itself offers.  See GBCL, http://www.mygrandcruise.com/ #!terms-and-conditions/

10  c1huy (specifically referring to a "2-night, round-trip cruise aboard the Grand Celebration) (last visited

11  Dec. 9, 2015); GBCL, http://www.mygrandcruise.com/#!south-florida/c1jtw (describing a larger-

12  package stay in South Beach); GBCL, http://www.mygrandcruise.com/#!orlando/c1q5 (describing a

13  larger-package stay in Orlando) (last visited Dec. 9, 2015).  Indeed, the only ship mentioned anywhere

14  on GBCL's website is the Grand Celebration.  And again, the primary type of consumer contact that

15  GBCL engages in is contacting consumers via "free-cruise" telemarketing.

16          33.     Plaintiffs are further informed and believe, and based thereon allege, that BPCL and COI

17  have willingly provided information and materials to GBCL to assist GBCL in promoting cruise

18  packages to consumers.  For example, many of the materials found on GBCL's website are largely

19  identical to, if not exactly the same as, those found on BPCL and COI's website.  For example, the exact

20  same images of the Grand Celebration are found on both websites.  Compare BPCL & COI,

21  http://www.bahamas paradisecruise.com/About-Grand-Celebration-Cruise-Line.html (last visited Dec.

22  9, 2015), with GPCL, http://www.mygrandcruise.com/#!about-ship/aboutPage (last visited Dec. 9,

23  2015).  Likewise, the text of GBCL's answers to "Frequently Asked Questions" is largely identical to

24  that found on BPCL and COI's website.  Compare BPCL & COI, http://www.bahamasparadisecruise.

25  com/FAQs-Grand-Celebration-Cruise-Line.html (last visited Dec. 9, 2015), with GBCL, http://www.

26  mygrandcruise.com/#!faqs/c8xd (last visited Dec. 9, 2015).  The same logos also appear on both

27  websites, compare BPCL & COI, http://www.bahamasparadisecruise.com/index.html (last visited Dec.

28  9, 2015), with GBCL, http://www.mygrandcruise.com/ (last visited Dec. 9, 2015), as well as on a

1    form—downloadable from both websites—that BPCL, COI, and GBCL require certain cruise

2    passengers to complete prior to setting sail, compare BPCL & COI, http://www.bahamasparadisecruise.

3    com/Downloads/Online-CheckIn-Docs/Minor-Travelers.pdf (last visited Dec. 9, 2015), with GBCL,

4    http://media.wix.com/ugd/5138b2_2c75bfe8b003490aa28657526de77388.pdf (last visited Decl. 9,

5    2015).  The version of that form that is downloadable from BPCL and COI's website, in fact, is virtually

6    identical to that downloadable from GBCL's website.

7            34.     In addition, when consumers attempt to call back GBCL at the numbers appearing on

8    their caller IDs—*e.g.*, the (213) 257–5233 and (205) 721–2665 numbers at which Phan and Bartlett,

9    respectively, received their calls—no one actually answers, and a nonworking-number message or tone

10   instead plays.  Plaintiffs therefore are informed and believe, and based thereon allege, that GBCL

11   utilizes a technology referred to as "call spoofing" to hide the true number from which the calls are

12   placed.  Indeed, on or about November 5, 2015, Bartlett received another call purporting to offer a free

13   cruise on the Grand Celebration, this time from company referring to itself as Golden Ticket Getaways.

14   Even though this entity's name is not GBCL, the number appearing on Bartlett's caller ID was (205)

15   721–2665—the same number for at least one of the calls that he had received from GBCL.  Moreover,

16   consumers who have dialed and/or been called by the "contact" telephone number listed on GBCL's

17   website—(800) 530–6514—have been informed that they have reached BPCL, and have been directed

18   by the number's live operator to www.bahamaparadise cruise.com, *i.e.*, the website for BPCL and COI.

19   A true and correct copy of an August 10, 2015, complaint from a consumer describing these practices is

20   attached hereto as **Exhibit 1**.  Likewise, based on the investigation of counsel, when consumers speak to

21   a live operator from GBCL, they are informed that BPCL is a "sister company" of GBCL, and

22   California residents are informed that the free-cruise offer is being extended to consumers nationwide,

23   including to a limited number of California residents.  On information and belief, Plaintiffs also allege

24   that BPCL and COI conduct their own aggressive telemarketing campaigns.  Attached hereto as

25   **Exhibit 2** is a true and correct copy of a BPCL job posting from November 24, 2015, for

26   "Inbound/Outbound Reservation Agents," seeking candidates with "[a] proven track record of

27   aggressive sales success," "strong sales skills," and "the ability to book cruise vacations."  As stated in

28   the posting, prior "[p]hone sales experience [is] required, preferably in a call center environment."

35.     Defendants—or at least the executives working for them—have been in trouble before for allegedly deceptive business practices.  In February 2000, for example, a consent decree was entered in the Circuit Court of the Seventh Judicial Circuit of the State of Illinois against Daniel Lambert, who is presently COI's Vice Chairman, for alleged deceptive business practices, including the failure to inform consumers of the total cost of vacation packages.  Similarly, in 2010, a consent judgment was entered in the Circuit Court of the Seventeenth Judicial District of the State of Florida against Imperial Majesty Cruise Line, LLC for allegedly charging fees above the advertised fare.  The consent judgment— requiring the payment of $16 million—was signed on Imperial Majesty Cruise Line, LLC's behalf by Edward Levitan, who is presently an officer of COI.  The practices at issue in those actions concern the same high-pressure sales tactics utilized by GBCL in connection with cruises aboard the Grand Celebration.  A copy of a news report summarizing the actions of Defendants' predecessor companies, including the above-described consent orders, is attached hereto as **Exhibit 3**.

### *CLASS-ACTION ALLEGATIONS*

36.     Plaintiffs are informed and believe, and based thereon allege, that Defendants never obtained signed authorizations from any consumers expressly permitting advertising or telemarketing calls.

37.     Based on the wholesale failure to obtain any prior written consent, Plaintiffs seek to represent the following Class and Subclass under rule 23 of the Federal Rules of Civil Procedure:

a.     No Consent Class:  All persons throughout the United States who, since October 16, 2013, received one or more prerecorded- or artificial-voice telephone calls, or one or more calls placed by a predictive dialer, on their cellular telephones from GBCL.

b.     "Opt Out" Subclass:  All persons throughout the United States (a) whose numbers are listed on the federal do-not-call registry and who, since October 16, 2013, received one or more prerecorded- or artificial-voice telephone calls, or one or more calls placed by a predictive dialer, on their cellular telephones from GBCL; or (b) who, since October 16, 2013, received one or more prerecorded- or artificial-voice telephone calls, or one or more calls placed by a predictive dialer, on their cellular telephones from GBCL after "opting out" of receiving such calls.

38.     Plaintiffs reserve the right to amend or modify the proposed Class and Subclass, or to

1  propose additional subclasses or limitations to particular issues, in response to facts later ascertained.

2      39.    *Numerosity*.  The identities of Class Members may be ascertained from Defendants' own

3  business and marketing records, as well as the records of Defendants' telephone provider(s).  Joinder of

4  all Class Members would be impracticable due to the sizeable number of such Members and their likely

5  lack of resources to initiate individual claims.  Plaintiffs estimate that thousands of telephone calls were

6  placed to well-over the forty individuals required for numerosity purposes, given BPCL and COI's own

7  claim that their "tour operator partners are usually *big volume producers* who bring passengers to sail on

8  the Grand Celebration from across the country and around the world."  See http://www.bahamasparadise

9  cruise.com/Tour-Operators-Grand-Celebration-Cruise-Line.html (last visited Dec. 9, 2015) (emphasis

10  supplied).  Also, as explained below, the amount that is owed to any given Class Member under the

11  TCPA is relatively small, making it impractical for them to bring their own individual suits.

12      40.    *Commonality*.  There are questions of law and fact that are common to the Class that

13  predominate over any questions affecting only individual Class Members.  These common questions

14  include, without limitation:

15          a)    Whether the telephone calls constitute telemarketing or advertising within the

16  meaning of the TCPA and its regulations;

17          b)    Whether the predictive-dialer equipment used to place calls constitutes an

18  automatic telephone dialing system within the meaning of the TCPA and its regulations;

19          c)    Whether prior express written consent was required under the TCPA and its

20  regulations before making any of the telephone calls; and

21          d)    Whether the outright failure to secure any prior express written consent

22  constitutes willful and knowing behavior within the meaning of the TCPA and its regulations.

23      41.    *Typicality*.  Plaintiffs' claims are typical of those of the Class because they received at

24  least one prerecorded- or artificial-voice telephone call, or at least one call placed by a predictive dialer,

25  from GBCL advertising or promoting Defendants' goods or services on their cellular telephones on or

26  after October 16, 2013, and because they never provided prior express written consent to receive any

27  such calls.

28      42.    *Adequacy*.  Plaintiffs will fairly and adequately represent and protect the interests of the

1    Class.  They are not aware of any conflicts that they have with Class Members, and they plan on

2    pursuing the litigation vigorously.  They also have the same interests as those of the Class, and they have

3    retained counsel who are competent and experienced in class-action litigation.  In addition, they have

4    been actively involved in the litigation, they will continue to participate and be available for the duration

5    of the litigation, and they understand the duties that they hold to the Class.

6          43.      *Superiority*.  A class action is superior to other available methods for the fair and

7    efficient adjudication of this controversy.  Again, the individual joinder of all Class Members is

8    impracticable because of the relatively small recovery amounts at stake and the relative lack of resources

9    available for individual Class Members vis-à-vis the large corporate Defendants.  Additionally, the

10   judicial system would be burdened with multiple trials of the same issues, and the potential for

11   inconsistent or contradictory judgments would increase.  The common questions detailed above, in fact,

12   predominate in this action, as Class Members' claims arise out of the same course of conduct to which

13   Plaintiffs were themselves subject.  A class action therefore would conserve the resources of the parties

14   and the Court while protecting the rights of Class Members.  Defendants' conduct as described above is

15   unlawful, continuing, capable of repetition, and will continue unless restrained and enjoined by the

16   Court.  Moreover, it is a matter of public interest to obtain definitive answers to the legality of

17   Defendants' actions in a single case.

18                               ***FIRST CLAIM FOR RELIEF***

19                                  *Violation of the TCPA*

20                                   *47 U.S.C. § 227*

21         44.      Plaintiffs re-plead, re-allege, and incorporate by reference each and every allegation set

22   forth in this Complaint.

23         45.      The United State Congress enacted the TCPA in order to protect and balance individual

24   privacy rights against legitimate telemarketing practices.  In enacting this statute, Congress found:

25            (1) The use of the telephone to market goods and services to the home and other
             businesses is now pervasive due to the increased use of cost-effective telemarketing
26           techniques.

27            . . . .

28            (10) Evidence compiled by the Congress indicates that residential telephone

1  subscribers consider automated or prerecorded telephone calls, regardless of the content
   or the initiator of the message, to be a nuisance and an invasion of privacy.

2
      (11) Technologies that might allow consumers to avoid receiving such calls are
3  not universally available, are costly, are unlikely to be enforced, or place an inordinate
   burden on the consumer.

4
      (12) Banning such automated or prerecorded telephone calls to the home, except
5  when the receiving party consents to receiving the call or when such calls are necessary
   in an emergency situation affecting the health and safety of the consumer, is the only
6  effective means of protecting telephone consumers from this nuisance and privacy
   invasion.

7  Telephone Consumer Protection Act of 1991, PL 102–243, December 20, 1991, 105 Stat 2394.

8      46.     The TCPA specifically prohibits automated calls to consumers' cellular-telephone

9  numbers without the express consent or permission of the consumers:

10     It shall be unlawful for any person within the United States, or any person outside the
       United States if the recipient is within the United States (A) to make any call (other than
11     a call made for emergency purposes or made with the prior express consent of the called
       party) using any automatic telephone dialing system or an artificial or prerecorded
12     voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . .

13  47 U.S.C. § 227(b)(1)(A).

14     47.     Under the relevant regulation, effective October 16, 2013, "prior express consent" as

15  used in subsection (b)(1)(A)(iii) of the TCPA means "prior express *written* consent" for all

16  telemarketing or advertising messages.  47 C.F.R. § 64.1200(a)(2) (emphasis supplied).  Such consent

17  must be signed by the consumer, must state that the consumer is agreeing to receive future telemarketing

18  or advertising calls, and must be executed independent of any purchase of goods or services.  Id.

19  § 64.1200(f)(8).

20     48.     The foregoing acts and omissions of Defendants constitute a direct violation of the

21  TCPA.

22     49.     The TCPA establishes a private right of action for making unauthorized telephone calls to

23  consumers:

24     A person or entity may, if otherwise permitted by the laws or rules of court of a State,
       bring in an appropriate court of that State (A) an action based on a violation of this
25     subsection or the regulations prescribed under this subsection to enjoin such violation,
       (B) an action to recover for actual monetary loss from such a violation, or to receive $500
26     in damages for each such violation, whichever is greater, or (C) both such actions.  If the
       court finds that the defendant willfully or knowingly violated this subsection or the
27     regulations prescribed under this subsection, the court may, in its discretion, increase the
       amount of the award to an amount equal to not more than 3 times the amount available
28     under subparagraph (B) of this paragraph.

1    47 U.S.C. § 227(b)(3).  Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiffs and Class Members are entitled

2    to an award of $500 in statutory damages for each and every prerecorded- or artificial-voice telephone

3    call, or call placed by a predictive dialer, that they received.  Defendants are jointly and severally liable

4    for such damages under theories of either direct or vicarious liability.  Moreover, because Defendants

5    willfully and knowingly violated the TCPA as alleged above, Plaintiffs and the Class are entitled to

6    treble damages.  Finally, pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiffs and the Class are entitled to

7    injunctive relief.

8    / / / / /

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

***PRAYER FOR RELIEF***

2  **WHEREFORE**, Plaintiffs pray for judgment as follows:

3  1.  An order certifying the Class and Subclass under rule 23 of the Federal Rules of

4  Procedure;

5  2.  With respect to the first claim for relief, that the Court enter judgment in favor of

6  Plaintiff, the Class, and the Subclass for the period of time since October 16, 2013, for statutory treble

7  damages against Defendants jointly and severally, as well as for injunctive relief;

8  3.  An award of pre-judgment and post-judgment interest, to the extent allowable by law;

9  4.  An award of attorney's fees and costs of suit, to the extent allowable by law; and

10  5.  Such further relief as the Court deems fit and proper.

11

12  Dated:  December 11, 2015                          Respectfully submitted,

13                                          _____/s/ *Mark S. Greenstone*_____

14                                          GLANCY PRONGAY & MURRAY LLP
                                             Lionel Z. Glancy
                                             Marc L. Godino
15                                          Mark S. Greenstone

16
                                             JAURIGUE LAW GROUP
17                                          Michael J. Jaurigue
                                             Abigail A. Zelenski
18                                          David Zelenski

19
                                             PRICE ARMSTRONG
20                                          Nicholas W. Armstrong (SBN270963)
                                               nick@pricearmstrong.com
21                                          2421 Second Avenue North, Suite 1
                                             Birmingham, Alabama 35203
22                                          Telephone:  (205) 208-9588
                                             Facsimile:  (205) 208-9598
23

24                                          *Attorneys for Plaintiffs*

25  / / / / /

26

27

28

1

### DEMAND FOR JURY TRIAL

2      Plaintiffs request a trial by jury as to all claims for relief.

3

4    Dated:  December 11, 2015                    Respectfully submitted,

5                                                    /s/ *Mark S. Greenstone*
                                                 GLANCY PRONGAY & MURRAY LLP
6                                                Lionel Z. Glancy
                                                 Marc L. Godino
7                                                Mark S. Greenstone

8
                                                 JAURIGUE LAW GROUP
9                                                Michael J. Jaurigue
                                                 Abigail A. Zelenski
10                                               David Zelenski

11
                                                 PRICE ARMSTRONG
12                                               Nicholas W. Armstrong (SBN270963)
                                                   nick@pricearmstrong.com
13                                               2421 Second Avenue North, Suite 1
                                                 Birmingham, Alabama 35203
14                                               Telephone:  (205) 208-9588
                                                 Facsimile:  (205) 208-9598
15

16                                               *Attorneys for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AM. CLASS-ACTION COMPL.

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHERN DISTRICT OF CALIFORNIA LOCAL RULES AND LOCAL CIVIL RULE 5-1**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action.  My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On December 11, 2015, I caused to be served the following document:

**FIRST AMENDED CLASS-ACTION COMPLAINT**

By posting the document to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as reflected on the attached Court's Service List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 11, 2015, at Los Angeles, California.


*s/ Mark S. Greenstone*
Mark S. Greenstone

# Mailing Information for a Case 5:15-cv-05019-BLF Phan v. Grand Bahama Cruise Line, LLC et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Aaron Backman**
  jeffrey.backman@gmlaw.com,khia.joseph@gmlaw.com,cheryl.cochran@gmlaw.com

- **Robert Samuel Boulter**
  rsb@boulter-law.com

- **Richard Wayne Epstein**
  richard.epstein@gmlaw.com,maria.salgado@gmlaw.com,maite.alvarez@gmlaw.com

- **Lionel Z. Glancy**
  info@glancylaw.com,lboyarsky@glancylaw.com,lglancy@glancylaw.com

- **Marc Lawrence Godino**
  mgodino@glancylaw.com,info@glancylaw.com

- **Mark Samuel Greenstone**
  mgreenstone@glancylaw.com

- **Michael Joe Jaurigue**
  michael@jauriguelaw.com

- **Roy Taub**
  roy.taub@gmlaw.com

- **Abigail Ameri Zelenski**
  Abigail@jlglawyers.com

- **David Zelenski**
  david@jlglawyers.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)