GREENSPOON MARDER, P.A.
Richard W. Epstein
(Admitted *Pro Hac Vice*)
Florida Bar No. 229091
Richard.Epstein@gmlaw.com
Jeffrey A. Backman
(Admitted *Pro Hac Vice*)
Florida Bar No. 662501
Jeffrey.Backman@gmlaw.com
Roy Taub
(Admitted *Pro Hac Vice*)
Florida Bar No. 116263
Roy.Taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 213-0140

(Additional counsel listed in signature block)

*Attorneys for Defendants Bahamas Paradise
Cruise Line, LLC and Cruise Operator, Inc.,*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| AN PHAN and TAYLOR BARTLETT, as individuals and on behalf of all others similarly situated, | Case No. 15-cv-05019-BLF |
| Plaintiffs, | **DEFENDANTS BAHAMAS PARADISE CRUISE LINE, LLC'S AND CRUISE OPERATOR, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE ACTION; AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| GRAND BAHAMA CRUISE LINE, LLC, a limited-liability company; BAHAMAS PARADISE CRUISE LINE, LLC, a limited-liability company; CRUISE OPERATOR, INC., d/b/a BAHAMAS PARADISE CRUISE LINE, a corporation; and Does 1 through 50, inclusive, | **Hearing** |
| Defendants. | Date:   April 7, 2016 |
| | Time:  9:00 am |
| | Ctrm:  3 |
| _____/ | |

DEFS. BAHAMAS PARADISE CRUISE LINE, LLC'S AND CRUISE OPERATOR, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE ACTION     CASE NO. 15-CV-05019-BLF

24921218:4 38387:0019

1    **TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2         PLEASE TAKE NOTICE THAT, on April 7, 2015, at 9:00 a.m., or as soon thereafter as

3    counsel may be heard before the Honorable Beth Labson Freeman of the United States District

4    Court for the Northern District of California, located at 280 South First Street, Courtroom 3, San

5    Jose, California 95113, Defendants Bahamas Paradise Cruise Line, LLC ("Bahamas Paradise")

6    and Cruise Operator, Inc. ("Cruise Operator") (collectively, the "Bahamas Paradise Defendants"),

7    will and hereby do move the Court to dismiss Plaintiffs' First Amended Class-Action Complaint

8    (the "FAC") or, in the alternative, stay the above-captioned action pending the United States

9    Supreme Court's decisions in *Spokeo v. Robins*, 135 S. Ct. 1892 (2015), and *Campbell-Ewald Co.*

10   *v. Gomez*, 135 S. Ct. 2311 (2015).

11        The Bahamas Paradise Defendants bring this Motion on the grounds that the FAC fails to

12   sufficiently allege a basis for the Court to exercise personal jurisdiction over them, and,

13   particularly given the Bahamas Paradise Defendants' submissions to the contrary, Plaintiffs cannot

14   make a *prima facie* showing thereof.   The FAC also fails to state a claim for relief against the

15   Bahamas Paradise Defendants.   The FAC's repeated conclusory assertions that Defendant Grand

16   Bahama Cruise Line, LLC, an entity not related to either Bahamas Paradise or Cruise Operator,

17   conducted its telemarketing activities at their (joint) direction cannot be credited.   Alternatively, in

18   the event the Court does not grant the Motion to Dismiss, it should stay this action pending the

19   Supreme Court's forthcoming decisions in *Spokeo* and *Campbell-Ewald*.   The fact that either

20   decision may have a dispositive effect in this case, coupled with the interests of judicial economy

21   and the lack of prejudice to Plaintiffs from a relatively short stay of (as of this writing)

22   approximately six months, weighs in favor of issuance of the requested stay.

23        The Motion is based on this Notice of Motion and Motion, the accompanying

24   Memorandum of Points and Authorities, the Declarations of Glenn Ryerson, Daniel Lambert, and

25   Jeffrey A. Backman and the exhibits attached thereto, the pleading and papers on file herein, and

26   any further material and argument presented to the Court at the time of the hearing.

27

28

Defs. Bahamas Paradise Cruise Line, LLC's and Cruise Operator, Inc.'s Notice
of Motion and Motion to Dismiss or, in the Alternative, Stay the Action          Case No. 15-cv-05019-BLF

24921218:4 38387:0019

1  Dated:   December 28, 2015                     Respectfully Submitted,

2                                                 /s/  *Jeffrey A. Backman*

3                                                 GREENSPOON MARDER, P.A.
                                                  Richard W. Epstein
4                                                 (Admitted *Pro Hac Vice*)
                                                  Florida Bar No. 229091
5                                                 Richard.Epstein@gmlaw.com
6                                                 Jeffrey A. Backman
                                                  (Admitted *Pro Hac Vice*)
7                                                 Florida Bar No. 662501
                                                  Jeffrey.Backman@gmlaw.com
8                                                 Roy Taub
                                                  (Admitted *Pro Hac Vice*)
9                                                 Florida Bar No. 116263
                                                  Roy.Taub@gmlaw.com
10                                                200 East Broward Blvd., Suite 1800
11                                                Fort Lauderdale, FL  33301
                                                  Tel:  (954) 491-1120
12                                                Fax: (954) 213-0140

13                                                LAW OFFICES OF ROBERT S. BOULTER
14                                                Robert S. Boulter (SBN 153549)
                                                  rsb@boulter-law.com
15                                                1101 Fifth Avenue, Suite 235
                                                  San Rafael, California 94901-1828
16                                                Telephone:  (415) 233-7100
                                                  Facsimile: (415) 233-7101
17
18                                                *Attorneys for Defendants Bahamas Paradise*
                                                  *Cruise Line, LLC and Cruise Operator, Inc.*
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ....................................................................................................3

ARGUMENT ......................................................................................................................4

I.  PLAINTIFFS FAIL TO PLAUSIBLY STATE, AND CANNOT SHOW, A
BASIS FOR THE COURT TO EXERCISE PERSONAL JURISDICTION OVER
THE BAHAMAS PARADISE DEFENDANTS....................................................4

    A.  Legal Standards on a Rule 12(b)(2) Motion ..............................4

    B.  The Court Lacks General Jurisdiction
Over the Bahamas Paradise Defendants....................................5

    C.  The Court Lacks Specific Jurisdiction
Over the Bahamas Paradise Defendants....................................6

II.  THE FAC FAILS TO STATE A CLAIM AGAINST THE BAHAMAS
PARADISE DEFENDANTS ...............................................................10

    A.  Pleading Standards ......................................................11

    B.  The FAC Fails to Allege Vicarious Liability...........................11

        1.  The FAC's Conclusory Allegations are Insufficient ...........12

        2.  The FAC Fails to Plausibly Allege Ratification.................14

        3.  Plaintiffs' Rampant Allegations "on Information and Belief" Do Not
Alter the Plausibility Analysis.........................15

III.  IN THE ALTERNATIVE, THE COURT SHOULD STAY
THIS ACTION PENDING THE SUPREME COURT'S
DECISIONS IN *SPOKEO* AND *CAMPBELL-EWALD*....................................16

    A.  This Case Implicates the Issues Raised
in Both *Spokeo* and *Campbell-Ewald*....................................16

    B.  The Applicable Factors All Weigh in Favor of Granting a Stay...............17

        1.  Either *Spokeo* or *Campbell-Ewald*
May Have a Dispositive Effect Here ...........................19

DEFS. BAHAMAS PARADISE CRUISE LINE, LLC'S AND CRUISE OPERATOR, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE ACTION        CASE NO. 15-CV-05019-BLF

24921218:4 38387:0019

2. Staying this Action and Awaiting the Potentially-
Dispositive *Spokeo* and *Campbell-Ewald* Decisions
Will Save Judicial Economy ........................................................19

3. A Stay will Benefit the Public Interest.........................................20

4. None of the Parties Will Suffer a Hardship or
Prejudice While Awaiting the Supreme Court's Decisions ..........20

CONCLUSION ......................................................................................................... 21

Defs. Bahamas Paradise Cruise Line, LLC's and Cruise Operator, Inc.'s Notice
of Motion and Motion to Dismiss or, in the Alternative, Stay the Action        Case No. 15-cv-05019-BLF
ii
24921218:4 38387:0019

1

## TABLE OF AUTHORITIES

2

**Page(s)**

**Cases**

3
*Ashby v. Farmers Group, Inc.*,
   No. 01-CV-1446-BR, 2006 WL 3169381 (D. Ore. Oct. 30, 2006)...................................19
4

5
*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .........................................................................................................12
6

7
*Bank v. Philips Electronics N. Am. Corp.*,
   No. 14-cv-5312 JG VMS, 2015 WL 1650926 (E.D.N.Y. Apr. 14, 2015)........................13

8
*Batzel v. Smith*,
   333 F.3d 1018 (9th Cir. 2003)..........................................................................................16
9

10
*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .......................................................................................................8, 12

11
*Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*,
   No. 09CV2145-L BLM, 2011 WL 3475361 (S.D. Cal. Aug. 5, 2011)............................15
12

13
*Boise v. ACE USA, Inc.*,
   No. 15-CIV-21264, 2015 WL 4077433 (S.D. Fla. July 6, 2015).............................. 19, 21
14

15
*Brackett v. Hilton Hotels Corp.*,
   619 F. Supp. 2d 810 (N.D. Cal. 2008)..............................................................................10

16
*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ...........................................................................................................7
17

18
*Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*,
   788 F.2d 535 (9th Cir. 1986)...........................................................................................4, 9
19

20
*Campbell-Ewald Co. v. Gomez*,
   135 S. Ct. 2311 (2015)..............................................................................................1, 12, 13

21
*Canas v. City of Sunnyvale*,
   No. C 08-5771 JF (PVT), 2009 WL 2160572 (N.D. Cal. July 20, 2009)........................17
22

23
*Cardenas v. AmeriCredit Financial Servs., Inc.*,
   No. C 09-04978 SBA, 2011 WL 846070 (N.D. Cal. Mar. 8, 2011) .................................19
24

25
*Carney v. Verizon Wireless Telecom, Inc.*,
   No. 09-CV-1854 DMS, 2010 WL 3058106 (S.D. Cal. Aug. 2, 2010)............................19

26
*Clinton v. Jones*,
   520 U.S. 681 (1997) .........................................................................................................20
27

28

DEFS. BAHAMAS PARADISE CRUISE LINE, LLC'S AND CRUISE OPERATOR, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE ACTION   CASE NO. 15-cv-05019-BLF
iii

24921218:4 38387:0019

*CollegeSource, Inc. v. AcademyOne, Inc.*,
   653 F.3d 1066 (9th Cir. 2011) ................................................................. 5

*Conservation Force v. Salazar*,
   646 F.3d 1240 (9th Cir. 2011) ............................................................... 12

*Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*,
   No. 10-CV-00510-GMN, 2010 WL 3167984 (D. Nev. Aug. 9, 2010) ........................... 10

*Corns v. Laborers Int'l Union of N. Am.*,
   62 F. Supp. 3d 1105 (N.D. Cal. 2014) ....................................................... 13

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2013) ........................................................................ 5

*Data Disc, Inc. v. Sys. Tech Assocs., Inc.*,
   557 F.2d 1280 (9th Cir. 1977) .............................................................. 10

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir. 1986) ................................................................ 5

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001) .............................................................. 5, 6

*Doe I v. Wal-Mart Stores, Inc.*,
   572 F.3d 677 (9th Cir. 2009) ............................................................... 14

*Dole Food, Inc. v. Watts*,
   303 F.3d 1104 (9th Cir. 2002) ............................................................... 4

*Duchene v. Westlake Servs., LLC*,
   No. 13-CV-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015) ............... 19, 20, 21, 22

*Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*,
   No. CV 15-04767-AB, 2015 WL 6579779 (C.D. Cal. Oct. 19, 2015) ..................... 19, 21

*Freidman v. Massage Envy Franchising, LCC*,
   No. 12-cv-02962-L-RBB, 2013 WL 3026641 (S.D. Cal. June 13, 2013) ................. 12, 14

*Genesis Healthcare Corp. v. Symczyk*,
   133 S. Ct. 1523 (2013) ...................................................................... 20

*Gomez v. Campbell-Ewald Co.*,
   768 F.3d 871 (9th Cir. 2014) ............................................................. 10, 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   131 S. Ct. 2846 (2011) ....................................................................... 5

*HPEV, Inc. v. Spirit Bear Ltd.*,
     No. 13-CV-01548-JAD, 2014 WL 6634838 (D. Nev. Nov. 21, 2014) ..............................9

*In re DISH Network LLC*,
     28 F.C.C. Rcd. 6574 (2013) ...................................................................................... 13, 15

*Int'l Shoe Co. v. State of Wash.*,
     326 U.S. 310 (1945) .........................................................................................................5

*Jackson v. Caribbean Cruise Line, Inc.*,
     No. 14-cv-2485 (ADS)(AKT), 2015 WL 667862 (E.D.N.Y. Feb. 17, 2015)..................13

*Kemp v. Int'l Bus. Machines Corp.*,
     No. C-09-4683 MHP, 2010 WL 4698490 (N.D. Cal. Nov. 8, 2010)...............................17

*Landis v. North American Co.*,
     299 U.S. 248 (1936) ................................................................................................. 20, 22

*Larson v. Trans Union LLC*,
     No. 12-CV-057260-WHO, 2015 WL 3945052 (N.D. Cal. June 26, 2015).......... 19, 20, 21

*Lee v. Abdel-Haq*,
     No. C11-2021RSL, 2013 WL 587654 (W.D. Wash. Feb. 14, 2013) ..............................10

*Lockyer v. Mirant Corp.*,
     398 F.3d 1098 (9th Cir. 2005).......................................................................................20

*Lopez v. Miami-Dade County*,
     No. 15-Civ-22943-COOKE/TORRES, 2015 WL 7202905 (S.D. Fla. Nov. 6, 2015) ......19

*Luster v. Jewelers*,
     No. 15-CV-2854-WSD, 2015 WL 9255553 (N.D. Ga. Dec. 17, 2015) ...........................19

*McGuire v. Recontrust Co.*,
     No. 11-CV-2787 KJM-CKD, 2013 WL 3863903 (E.D. Cal. July 24, 2013) ..................17

*Mindlab Media, LLC v. LWRC Int'l LLC*,
     No. CV 11-3405 CAS FEMX, 2012 WL 386695 (C.D. Cal. Feb. 6, 2012)....................15

*Murray v. Choice Energy, LLC*,
     No. 15-CV-60, 2015 WL 4204398 (S.D. Ohio July 10, 2015)........................................13

*Navarro v. Block*,
     250 F.3d 729 (9th Cir. 2001).........................................................................................12

*NGV Gaming, Ltd. v. Harrah's Operating Co., Inc.*,
     No. 04-3955 SC, 2008 WL 4951587 (N.D. Cal. Nov. 18, 2008)....................................19

DEFS. BAHAMAS PARADISE CRUISE LINE, LLC'S AND CRUISE OPERATOR, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE ACTION          CASE NO. 15-cv-05019-BLF
v

24921218:4 38387:0019

*N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*,
    124 F.3d 1094 (9th Cir. 1997)..........................................................................13

*Osborne v. Nat'l Truck Funding, LLC*,
    No. 12-CV-02510-AC, 2013 WL 3892946 (E.D. Cal. July 26, 2013).........................4, 10

*Panacci v. A1 Solar Power, Inc.*,
    No. 15-CV-00532-JCS, 2015 WL 3750112 (N.D. Cal. June 15, 2015)...........................14

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015)..........................................................................6

*Provo v. Rady Children's Hosp.-San Diego*,
    No. 15CV0081 JM BGS, 2015 WL 6144029 (S.D. Cal. July 29, 2015).........................19

*Pyle v. Hatley*,
    239 F. Supp. 2d 970 (C.D. Cal. 2002)...............................................................10

*Ramirez v. Trans Union, LLC*,
    No. 12-CV-00632-JSC, 2015 WL 6159942 (N.D. Cal. June 22, 2015).....................19, 22

*Reese v. BP Exploration (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011)...........................................................................12

*Schartel v. OneSource Tech., LLC*
    No. 15 CV 1434, 2015 WL 7430056 (N.D. Ohio Nov. 17, 2015).................................19

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004)....................................................................4, 5, 6, 7

*Sierra Med. Servs. Alliance v. Maxwell-Jolly*,
    No. CV 10-04182 CAS, 2011 WL 3837076 (C.D. Cal. Aug. 29, 2011).........................19

*Shimmick Const. Co./Obayashi Corp. v. Officine Meccaniche Galletti-O.M.G. S.R.L.*,
    No. 13-CV-2700-BAS JLB, 2014 WL 5847440 (S.D. Cal. Nov. 12, 2014).....................9

*Solis v. City of Fresno*,
    No. 11-CV-00053 AWI GSA, 2012 WL 868681 (E.D. Cal. Mar. 13, 2012).................17

*Spokeo v. Robins*,
    135 S. Ct. 1892 (2015)...................................................................1, 3, 17-23

*Stewart v. Screen Gems-EMI Music, Inc.*,
    81 F. Supp. 3d 938 (N.D. Cal. 2015)..................................................................9

*St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*,
    No. 15-CV-01215-AGF, 2015 WL 6777873 (E.D. Mo. Nov. 4, 2015)..........................19

DEFS. BAHAMAS PARADISE CRUISE LINE, LLC'S AND CRUISE OPERATOR, INC.'S NOTICE
OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE ACTION    CASE NO. 15-cv-05019-BLF

vi

24921218:4 38387:0019

*Stone v. Sterling Infosystems, Inc.*,
    No. 15-CV-00711-MCE-DAD, 2015 WL 4602968 (S.D. Cal. July 29, 2015) .......... 19, 21

*Tel Sci. Corp. v. Hilton Grand Vacations Co., LLC*,
    No. 15-cv-969-Orl-41DAB, 2015 WL 7444409 (M.D. Fla. Nov. 20, 2015) .................. 19

*Thomas v. Taco Bell Corp.*,
    582 Fed. Appx. 678 (9th Cir. 2014) ................................................................... 12, 13, 16

*Toney v. Quality Resources, Inc.*,
    75 F. Supp. 3d 727 (N.D. Ill. 2014).......................................................................... 13, 16

*In re Toyota Motor Corp.*,
    785 F. Supp. 2d 883 (C.D. Cal. 2011) ..................................................................... 14, 15

*United States v. Bonds*,
    608 F.3d 495 (9th Cir. 2010)........................................................................................ 13

*Vivendi SA v. T-Mobile USA Inc.*,
    586 F.3d 689 (9th Cir. 2009)..................................................................................... 9, 17

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014)....................................................................................................7

*Wolf v. Lyft, Inc.*,
    No. C 15-01441 JSW, 2015 WL 4455965 (N.D. Cal. July 20, 2015)...................... 19, 20

*Yaakov v. Varitronics, LLC*,
    No. CIV. 14-5008 ADM/FLN, 2015 WL 5092501 (D. Minn. Aug. 28, 2015) ............... 19

*Ziegler v. Indian River County*,
    64 F.3d 470 (9th Cir. 1995) .............................................................................................5

**Statutes**
47 U.S.C. § 227 ...................................................................................................................1
Cal. Civ. Proc. Code § 410.10.............................................................................................5

**Rules**
Fed. R. Civ. P. 8 ................................................................................................................ 12
Fed. R. Civ. P. 12 ......................................................................................................... 4, 11
Fed. R. Civ. P. 68 .............................................................................................................. 18

**Other Authorities**
Restatement (Third) of Agency § 4.01 .............................................................................. 16
Restatement (Third) of Agency § 4.06 .............................................................................. 16

Defs. Bahamas Paradise Cruise Line, LLC's and Cruise Operator, Inc.'s Notice
of Motion and Motion to Dismiss or, in the Alternative, Stay the Action     Case No. 15-cv-05019-BLF
vii
24921218:4 38387:0019

1    Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (6), Defendants Bahamas

2    Paradise Cruise Line, LLC ("Bahamas Paradise") and Cruise Operator, Inc., d/b/a Bahamas

3    Paradise Cruise Line ("Cruise Operator") (collectively, "the Bahamas Paradise Defendants"),

4    move this Court to dismiss Plaintiffs' First Amended Class-Action Complaint, (Dkt. No. 23 & 24-

5    1 (corrected)) (the "FAC"), for lack of personal jurisdiction and failure to state a claim for

6    violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), or, in the

7    alternative, in the event the Court does not grant the Motion to Dismiss, move for a stay of this

8    action pending the Supreme Court's forthcoming decisions in *Spokeo v. Robins*, 135 S. Ct. 1892

9    (2015), and *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015).

10                           **PRELIMINARY STATEMENT**

11    This action concerns two telephone calls that Plaintiff An Phan and an unspecified

12    number of telephone calls that Plaintiff Taylor Bartlett allege they each received on their cellular

13    telephones in August 2015 in violation of the TCPA.  As was the case with its very similar

14    predecessor, the FAC raises a number of questions, but is devoid of allegations of fact that are

15    needed to answer them to avoid dismissal for lack of personal jurisdiction or failure to state a

16    claim for relief.

17    Plaintiffs expressly allege that Defendant Grand Bahama Cruise Line, LLC ("Grand

18    Bahama") placed the phone calls that they received.  So what, then, is Plaintiffs' basis for naming

19    as Defendants in this action Bahamas Paradise and Cruise Operator?  Grand Bahama, after all, is

20    not affiliated with Bahamas Paradise or Cruise Operator, and is an entirely separate company.

21    Plaintiffs allege, "on information and belief," that in calling them in violation of the TCPA, Grand

22    Bahama was "acting at the direction of" the Bahamas Paradise Defendants.

23    But what is the "information and belief" that supports the naked and conclusory assertion

24    that the Bahamas Paradise Defendants (both of them, apparently) were plotting and directing

25    Grand Bahama to call Plaintiffs and others?  How did they direct Grand Bahama, and through

26    what means?  The FAC never answers those questions (or others), and instead rests on a series of

27    conclusory and speculative assertions.  At bottom, Plaintiffs try to infer from Grand Bahama's

28    purported packaging of tours involving a cruise on a cruise ship operated by Cruise Operator, the

Defs. Bahamas Paradise Cruise Line, LLC's and Cruise Operator, Inc.'s Notice
of Motion and Motion to Dismiss or, in the Alternative, Stay the Action          Case No. 15-cv-05019-BLF

24921218:4 38387:0019

*Grand Celebration*, that Cruise Operator and Bahamas Paradise have a directorial role in Grand Bahama's alleged telemarketing activities.  Plaintiffs simply pile one conclusory and speculative allegation made "on information and belief" on top of another, without any allegations of *fact* to render such a remarkable and controlling degree of involvement by the Bahamas Paradise Defendants plausible.

As explained below, the Court should first dismiss the FAC for lack of personal jurisdiction.  Not only does the FAC fail to state in non-conclusory terms any role by the Bahamas Paradise Defendants in Grand Bahama's alleged calls to Plaintiffs, but the Bahamas Paradise Defendants' submissions demonstrate that there is none.   The Bahamas Paradise Defendants did not make the calls at issue, did not employ or contract Grand Bahama to make the calls, do not have anything to do with any telemarketing allegedly conducted by Grand Bahama, and do not have any contacts with the State of California to subject them to this Court's personal jurisdiction.  The FAC offers only speculation to connect the Bahamas Paradise Defendants to the telephone calls at issue made by an entirely separate company.  Plaintiffs' speculation, the basis of their rampant "information and belief," cannot be credited on this Motion to Dismiss.

Plaintiffs' failure to allege any plausible connection between the Bahamas Paradise Defendants and Grand Bahama's alleged telemarketing activities also requires dismissal for failure to state a claim for relief.  Plaintiffs cannot simply state that Grand Bahama acted at the direction of the Bahamas Paradise Defendants, but must specifically allege facts sufficient to plausibly state an agency relationship or some other basis of vicarious liability.  Again, Plaintiffs cannot fall back on "information and belief," but must come forth with allegations of facts that substantiate such information and belief to turn a merely conceivable claim that the Bahamas Paradise Defendants were involved in the calls Plaintiffs received to one that is plausible.  The FAC falls far short of doing that.

Finally, and alternatively, if the Court were to deny this Motion to Dismiss, it should stay the action pending the Supreme Court's forthcoming decisions in *Spokeo* and *Campbell-Ewald*, which are expected to be issued within six months.  The questions before the Supreme Court in both cases are implicated here, and a decision in either case may be dispositive on the threshold

Defs. Bahamas Paradise Cruise Line, LLC's and Cruise Operator, Inc.'s Notice of Motion and Motion to Dismiss or, in the Alternative, Stay the Action          Case No. 15-cv-05019-BLF

2

24921218:4 38387:0019

1   issue of subject-matter jurisdiction.  In the interests of judicial economy and the public welfare,

2   and given the lack of prejudice to Plaintiffs, a stay would be appropriate if the Bahamas Paradise

3   Defendants are not dismissed from this case.

4                                          **STATEMENT OF FACTS**

5          Plaintiff Phan initially commenced this action in the Superior Court of the State of

6   California for the County of Santa Clara on September 28, 2015.  (FAC at ¶ 4).  Following

7   removal and the filing of the Bahamas Paradise Defendants' Motion to Dismiss, (Dkt. Nos. 1 &

8   18), Plaintiff Phan notified the Court that rather than defend his initial complaint, he would

9   amend.  (Dkt. No. 22).  Among other changes, the FAC includes Taylor Bartlett as a new

10  Plaintiff.  (Dkt. No. 23).

11         Phan alleges that he "received a prerecorded- or artificial-voice telephone call on his

12  cellular telephone" on or about August 28, 2015.  (FAC at ¶ 18).  Phan alleges, "[o]n information

13  and belief," that Grand Bahama "initiated this call to Phan's cellular telephone and that [Grand

14  Bahama] was acting at the direction of [Bahamas Paradise] and [Cruise Operator]." (*Id.*).  Phan

15  claims that a "prerecorded or artificial voice" stated he had "won a free cruise to the Bahamas"

16  and had the option to opt out of the call by pushing a button, which he claims he did.  (*Id.* at ¶ 19).

17  Nonetheless, according to Phan, approximately eight minutes later he "received a second

18  incoming call from the same telephone number," which he "canceled . . . without answering . . . ."

19  (*Id.* at ¶ 21).  "Plaintiff had never given any signed authorization expressly permitting

20  Defendants" to call him.  (*Id.* at ¶ 22).

21         Bartlett alleges that "GBCL made calls to [his] cellular telephone . . . on or after October

22  16, 2013, including the week of August 17, 2015." (*Id.* at ¶ 26).  As with Phan, "[o]n information

23  and belief, Plaintiffs allege that [Grand Bahama] initiated these calls to Bartlett's cellular

24  telephone and that [Grand Bahama] was acting at the direction of [the Bahamas Paradise

25  Defendants]." (*Id.*).  Bartlett claims that the calls he received from Grand Bahama featured either

26  "a prerecorded or artificial voice stat[ing] that Bartlett had won a free cruise to the Bahamas" or

27  live operators who spoke with him after being connected with what he claims to have been a

28  predictive dialer.  (*Id.* at ¶ 27).  Bartlett alleges, without explanation, that the "sales pitch . . . was

1    highly aggressive." (*Id.* at ¶ 28).

2        Bahamas Paradise is a Florida limited liability company with a principal place of

3    business in Riviera Beach, Florida. (Ryerson Decl. at ¶ 3, Ex. A). Cruise Operator is a Bahamian

4    corporation with a principal place of business in the United States in Riviera Beach, Florida, and

5    it does nothing more than operate a cruise ship pursuant to a charter agreement with the ship's

6    owner out of the port of Palm Beach County, Florida. (Lambert Decl. at ¶¶ 3-4, Ex. A). Neither

7    Bahamas Paradise nor Cruise Operator has any jurisdictional contacts with the State of California.

8    (Ryerson Decl. at ¶¶ 4-6; Lambert Decl. at ¶¶ 4-7). Nor is either of the Bahamas Paradise

9    Defendants affiliated with Grand Bahama. (Ryerson Decl. at ¶ 7; Lambert Decl. at ¶ 8). Neither

10   Bahamas Paradise nor Cruise Operator has ever employed or contracted with Grand Bahama to

11   make calls into the State of California or elsewhere, or had any other role in its alleged

12   telemarketing activities. (Ryerson Decl. at ¶¶ 8-13; Lambert Decl. at ¶¶ 9-14).

13                                    **ARGUMENT**

14   **I.    PLAINTIFFS FAIL TO PLAUSIBLY STATE, AND CANNOT**
15         **SHOW, A BASIS FOR THE COURT TO EXERCISE PERSONAL**
           **JURISDICTION OVER THE BAHAMAS PARADISE DEFENDANTS**

16         **A.    Legal Standards on a Rule 12(b)(2) Motion**

17         "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the

18   plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v.*

19   *Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). *See also Dole Food, Inc. v. Watts*,

20   303 F.3d 1104, 1108 (9th Cir. 2002). A "nonspecific conclusory statement is not enough" to

21   satisfy that burden. *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC*

22   *Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). *See also Osborne v. Nat'l Truck Funding, LLC*, No.

23   12-CV-02510-AC, 2013 WL 3892946, *3 (E.D. Cal. July 26, 2013) ("Jurisdictional facts cannot

24   . . . be established by nonspecific, conclusory statements."). "[P]laintiff cannot simply rest on

25   the bare allegations of its complaint," but must make at least "a *prima facie* showing of

26   jurisdictional facts" to avoid dismissal under Federal Rule of Civil Procedure 12(b)(2).

27   *Schwarzenegger*, 374 F.3d at 800. The Court may consider written materials in deciding the

28

1   motion.  *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

2          The law of the forum state applies.  *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d

3   1066, 1073 (9th Cir. 2011).  However, since California's long-arm statute, (Cal. Civ. Proc. Code §

4   410.10), "is coextensive with federal due process requirements, the jurisdictional analyses under

5   state law and federal due process are the same."  *Schwarzenegger*, 374 F.3d at 800-01.  Federal

6   due process requires that a nonresident defendant have "certain minimum contacts with the forum

7   state of such a nature that the exercise of personal jurisdiction does not offend traditional notions

8   of fair play and substantial justice."  *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945)

9   (internal quotation omitted).  This due process test may be satisfied by showing general

10  jurisdiction – that the defendant has "substantial" or "continuous and systematic" contacts with

11  the forum state – or specific jurisdiction – that there is a strong relationship between the

12  defendant's forum contacts and the cause of action.  *Decker Coal Co. v. Commonwealth Edison

13  Co.*, 805 F.2d 834, 839 (9th Cir. 1986).  *See also Ziegler v. Indian River County*, 64 F.3d 470, 473

14  (9th Cir. 1995).

15         Neither type of personal jurisdiction over Defendants is plausibly alleged in the FAC, nor

16  can Plaintiffs make a *prima facie* showing of personal jurisdiction.

17         **B.**     **The Court Lacks General Jurisdiction**
18                  **Over the Bahamas Paradise Defendants**

19         The Supreme Court has recently clarified that general personal jurisdiction exists only if

20  a defendant corporation's contacts or "affiliations with the State are so 'continuous and

21  systematic' as to render [it] essentially at home in the forum State,'" akin to the "paradigm bases

22  for general jurisdiction" of a corporation's place of incorporation or principal place of business.

23  *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2013) (quoting *Goodyear Dunlop Tires

24  Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).

25         Here, Bahamas Paradise is a Florida limited liability company with a principal place of

26  business in Riviera Beach, Florida, and Cruise Operator is a Bahamian corporation with a

27  principal place of business in the United States also in Riviera Beach, Florida.  (Ryerson Decl. at

28  ¶ 3, Ex. A; Lambert Decl. at ¶ 3, Ex. A).  Neither entity has any jurisdictional contacts with

California, let alone those sufficient to render it essentially at home there.  (Ryerson Decl. at ¶¶ 4-6; Lambert Decl. at ¶¶ 4-7).  Nor are any alleged in the FAC.  There is simply no basis for the Court to exercise general jurisdiction over Defendants.

### C.   The Court Lacks Specific Jurisdiction Over the Bahamas Paradise Defendants

Nor can Plaintiffs show a plausible basis for the Court to assert specific personal jurisdiction over Defendants.  A court may exercise specific jurisdiction where a defendant's "contacts with the forum give rise to the cause of action before the court."  *Unocal*, 48 F.3d at 923.  The Ninth Circuit has set forth a three-part test to determine whether specific jurisdiction exists:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 802).

"The plaintiff has the burden of proving the first two prongs.  If he does so, the burden shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* at 1212 (citations and quotation omitted).  "The exact form of [the] jurisdictional inquiry depends on the nature of the claim at issue." *Id.*  In tort cases, the courts apply a three-part "effects" or "purposeful direction" test that "look[s] to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere." *Id.* (quoting *Schwarzenegger*, 374 F.3d at 802).  "Under this test, a defendant purposefully directed his activities at the forum if he: '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id.* at 1214 (quoting *Schwarzenegger*, 374 F.3d at 803).

DEFS. BAHAMAS PARADISE CRUISE LINE, LLC'S AND CRUISE OPERATOR, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE ACTION   CASE NO. 15-CV-05019-BLF

6

24921218:4 38387:0019

1      While Plaintiffs simply allege, in a sweeping statement grouping all Defendants together,

2  that "they [Defendants] have purposefully availed themselves of the resources and protections of

3  California by engaging in activities expressly aimed at California residents, and by conducting

4  business and having systematic contacts within the State of California," (FAC at ¶ 4), that

5  conclusory and threadbare allegation fails to make a *prima facie* showing of "purposeful

6  direction" by Bahamas Paradise or Cruise Operator.  Nowhere does the FAC state any facts to

7  render that conclusion plausible.  Plaintiffs do not allege any intentional act by either of the

8  Bahamas Paradise Defendants expressly aimed or directed at California, any systematic contacts,

9  or any plausible connection to the telephone calls they claim to have received.

10      Plaintiffs expressly admit that a different Defendant, Grand Bahama, placed the

11  telephone calls they received.  (FAC at ¶¶ 18, 26-28).  It is black letter law that the "'minimum

12  contacts' necessary to create specific jurisdiction . . . . must arise out of contacts that the

13  'defendant *himself*' creates with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1122-23

14  (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  The Supreme Court

15  has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry

16  by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id.*

17  (collecting cases).

18      With the focus directed on what conduct by the Bahamas Paradise Defendants is alleged

19  to connect them to the telephone calls Plaintiffs claim to have received, the only such allegation is

20  the repeated assertion, "[o]n information and belief," that Grand Bahama was "***acting at the***

21  ***direction of [Bahamas Paradise] and [Cruise Operator]***."  (FAC at ¶¶ 13, 18, 26, 32 (emphasis

22  added)).  Bahamas Paradise or Cruise Operator, however, are not related to Grand Bahama, and

23  they have no involvement with whatever telemarketing calls it may make. (Ryerson Decl. at ¶¶ 7-

24  13; Lambert Decl. at ¶¶ 8-14).  It is implausible and speculative that unrelated entities would act

25  in concert or at the direction of one another in its marketing activities.   The FAC lacks any well-

26  pleaded, non-conclusory facts to "nudge[ ]" Plaintiffs' repeated, naked assertions that the calls

27  they received were made "at the direction of" the Bahamas Paradise Defendants "from [a]

28  conceivable to [a] plausible" basis of personal jurisdiction. *Bell Atl. Corp. v. Twombly*, 550 U.S.

1  544, 570 (2007).

2      Indeed, the only seeming basis for Phan's "information and belief" appears to be the

3  further allegation, made upon yet more "information and belief," that "the cruise to which the call

4  referred" – on the one call he picked up – was aboard a cruise ship called the 'Grand

5  Celebration.'" (FAC at ¶ 20). There is nothing in the FAC, though, that supports Phan's "belief"

6  that the cruise mentioned on the telephone call was aboard the *Grand Celebration*, nor would that

7  matter since neither of the Bahamas Paradise Defendants own the cruise ship. (Lambert Decl. at ¶

8  4). Bartlett, too, assumes that the cruise referred to on the telephone was the *Grand Celebration*

9  because that is "the only ship mentioned anywhere on [the] website" that he was referred to by

10  Grand Bahama. (FAC at ¶ 28). Plaintiffs similarly assume Grand Bahama is a "tour operator" of

11  (both) Bahama Paradise and Cruise Operator, (*id.* at ¶ 13), but nowhere on the website Plaintiffs

12  rely upon is Grand Bahama mentioned at all, as a "tour operator" or otherwise. (*See generally*

13  http://www.bahamasparadisecruise.com).

14      Regardless, Plaintiffs' "beliefs," whether based on a website or otherwise, have

15  absolutely no bearing on the necessary hook for *specific* jurisdiction of whether Bahamas Paradise

16  or Cruise Operator *directed* Grand Bahama to call Plaintiffs or anyone else in California (since

17  the basis for specific jurisdiction must give rise to the cause of action). In fact, the Bahamas

18  Paradise Defendants have ***no*** involvement with any such telemarketing, let alone a directorial

19  role. (Ryerson Decl. at ¶¶ 8-13; Lambert Decl. at ¶¶ 9-14). Neither Bahamas Paradise nor Cruise

20  Operator make or employ any third parties to make *any* outbound telemarketing calls like the kind

21  Plaintiffs allege they received from Grand Bahama. (Ryerson Decl. at ¶ 10; Lambert Decl. at ¶

22  11).

23      Plaintiffs' "belief" that the Bahamas Paradise Defendants directed that the telephone calls

24  they receive be made is entirely unsupported by any allegations of fact and contradicted by the

25  evidence. Plaintiffs cannot use the formulation "[o]n information and belief" as a thin veneer to

26  disguise the wholly speculative and unsupported nature of their allegation to obtain personal

27  jurisdiction. *See Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 694 (9th Cir. 2009) (finding

28  insufficient allegations "upon information and belief" that an entity conducted business in the

1  United States at Defendant's Seattle headquarters where no further facts were alleged); *HPEV,*

2  *Inc. v. Spirit Bear Ltd.*, No. 13-CV-01548-JAD, 2014 WL 6634838, *5 (D. Nev. Nov. 21, 2014)

3  (holding that allegations "[o]n information and belief" that defendant "knowingly aided, abetted

4  and participated" with other defendant to breach fiduciary duties, without offering any facts of

5  such aiding and abetting, "[n]ot only . . . fail to state a claim for relief . . . but they also fail to

6  provide any basis for this court to exercise personal jurisdiction over this non-resident

7  defendant").

8       The FAC's lack of any facts supporting Plaintiffs' belief shows that, at bottom, Plaintiffs

9  have only their sheer speculation that the calls they received were for a cruise aboard a vessel that

10  Cruise Operator is under contract with the vessel owner to operate, (Lambert Decl. at ¶ 4), and

11  that somehow means Cruise Operator or Bahamas Paradise not only had a hand in, ***but directed***,

12  Grand Bahama's telemarketing activities.  Such speculation cannot be credited.  *Accord Butcher's*

13  *Union*, 788 F.2d at 540.  Nor is it significant that Grand Bahama's website may be similar to

14  Bahamas Paradise's website.  (FAC at ¶ 33).  That is a red herring.  Any similarity in *websites* or

15  forms (even if "to assist in promoting cruise packages to consumers," (*id.*), as Plaintiffs allege), is

16  simply not probative of a relationship or jurisdictional contacts related to *telemarketing activities*,

17  which is what Plaintiffs' TCPA claims concern.

18       All that Plaintiffs offer is their conclusory and speculative allegations – based on a

19  common vessel – that not only were the Bahamas Paradise Defendants involved in Grand

20  Bahama's telemarketing activities, but they directed those activities.  Courts in the Ninth Circuit

21  have long found similarly "broad and conclusory allegations" to "fall[ ] far short of the showing

22  needed" to base personal jurisdiction on an agency or some other relationship.  *Stewart v. Screen*

23  *Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 957 (N.D. Cal. 2015).  *See also*, *e.g.*, *Shimmick*

24  *Const. Co./Obayashi Corp. v. Officine Meccaniche Galletti-O.M.G. S.R.L.*, No. 13-CV-2700-BAS

25  JLB, 2014 WL 5847440, *8 (S.D. Cal. Nov. 12, 2014) ("Plaintiff simply fails to identify any facts

26  either alleged in the CAC or contained in the evidence submitted suggesting that Defendants

27  acted" as other defendants' agents, and "[t]hus, the one-sentence argument is wholly inadequate

28  to impute the other Ober Defendants' jurisdiction to Mr. Ober and ROA under an agency

Defs. Bahamas Paradise Cruise Line, LLC's and Cruise Operator, Inc.'s Notice
of Motion and Motion to Dismiss or, in the Alternative, Stay the Action          Case No. 15-cv-05019-BLF
9
24921218:4 38387:0019

1   theory."); *Osborne*, 2013 WL 3892946 at *10 (holding general allegations of a fraudulent scheme

2   "simply concludes this to be the case without providing specific facts," rendering "plaintiff's

3   allegations . . . conclusory and inadequate to support the exercise of personal jurisdiction."); *Lee*

4   *v. Abdel-Haq*, No. C11-2021RSL, 2013 WL 587654, *4 (W.D. Wash. Feb. 14, 2013) ("Plaintiffs

5   allege that Mr. Abdel–Haq and all of the corporate entities identified in the complaint are alter

6   egos of each other. Such a bare and conclusory allegation is not enough to establish personal

7   jurisdiction, however."); *Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, LLC*,

8   No. 10-CV-00510-GMN, 2010 WL 3167984, *2 (D. Nev. Aug. 9, 2010) ("[O]ther than

9   conclusory allegations, Plaintiffs have failed to allege even the existence of facts that would

10  support applying alter ego or exercising personal jurisdiction over CBC."); *Brackett v. Hilton*

11  *Hotels Corp.*, 619 F. Supp. 2d 810, 819 n.4 (N.D. Cal. 2008) ("Plaintiff . . . cannot rest her

12  argument for jurisdiction over the Hilton defendants on a conclusory allegation that the Barry

13  defendants acted as Hilton's agents."); *Pyle v. Hatley*, 239 F. Supp. 2d 970, 979 (C.D. Cal. 2002)

14  ("[C]onclusory conspiracy allegations are insufficient to establish that this Court can exercise

15  personal jurisdiction over defendants . . . .").

16      Plaintiffs' allegations of an extensive role by the Bahamas Paradise Defendants in an

17  unrelated company's telemarketing activities, based solely on unexplained speculation, is no

18  different.   And, given the submission of evidence expressly refuting those (implausible)

19  allegations, Plaintiffs can no longer stand on their already-deficient allegations.  *See Data Disc,*

20  *Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (holding that in deciding a

21  motion to dismiss, a court "may not assume the truth of allegations in a pleading which are

22  contradicted by affidavit").  Dismissal for lack of personal jurisdiction is therefore appropriate.

## II.    THE FAC FAILS TO STATE A CLAIM
##        AGAINST THE BAHAMAS PARADISE DEFENDANTS

25      Plaintiffs' unsupported speculation that the Bahamas Paradise Defendants directed the

26  telemarketing activities at issue in this case also requires dismissal of the FAC against the

27  Bahamas Paradise Defendants under Rule 12(b)(6) for failure to state a claim.

1    **A.    Pleading Standards**

2    "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

3    claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation*

4    *Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

5    729, 732 (9th Cir. 2001)).    To satisfy the pleading requirements of Federal Rule of Civil

6    Procedure 8(a), "a complaint must contain sufficient factual matter, accepted as true, to state a

7    claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.    "A claim has facial

8    plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable

9    inference that the defendant is liable for the misconduct alleged." *Id.* at 556.    A "sheer possibility

10   that the defendant has acted unlawfully" is insufficient, and "factual allegations must be enough

11   to raise a right to relief above the speculative level." *Id.* at 555-56.

12   When determining whether a claim has been stated, the Court accepts as true all well-

13   pleaded factual allegations and construes them in the light most favorable to the plaintiff. *Reese*

14   *v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).    But "the tenet that a court

15   must accept as true all of the allegations contained in a complaint is inapplicable to legal

16   conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).    Thus, "bare assertions" which

17   "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, must be

18   rejected as "conclusory and [are] not entitled to be assumed true." *Id.* at 681 (quoting *Twombly*,

19   550 U.S. at 555).

20   **B.    The FAC Fails to Allege Vicarious Liability**

21   It is settled that direct liability under the TCPA can exist only against the actual ***"maker"***

22   of the call(s) at issue, *i.e.*, the party that physically placed the calls. *See, e.g.*, *Thomas v. Taco Bell*

23   *Corp.*, 582 Fed. Appx. 678, 679 (9th Cir. 2014); *Freidman v. Massage Envy Franchising, LCC*,

24   No. 12-cv-02962-L-RBB, 2013 WL 3026641, *4 (S.D. Cal. June 13, 2013).    As that is undeniably

25   alleged in the FAC to be Grand Bahama, (FAC at ¶¶ 18, 26-28), only vicarious liability can be

26   alleged against the Bahamas Paradise Defendants. *Accord Gomez v. Campbell-Ewald Co.*, 768

27   F.3d 871, 877 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 2311 (2015); *Thomas*, 582 Fed. Appx. at

28   679.    The FAC, however, is devoid of any well-pleaded, non-conclusory facts supporting

vicarious liability, and thus fails to state a plausible claim under the TCPA against the Bahamas Paradise Defendants.

Like a number of other courts, the Ninth Circuit has adopted the Federal Communications Commission's declaratory ruling that a party who did not make a telephone call "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers," namely the doctrines of formal agency, apparent authority, and ratification. *See In re DISH Network LLC*, 28 F.C.C. Rcd. 6574, 6584 (2013) (adopted in *Gomez*, 768 F.3d at 878 and *Thomas*, 582 Fed. Appx. at 679).

To adequately plead vicarious liability for an alleged TCPA violation, a plaintiff must allege facts supporting *each* of the elements of the agency theory they claim supports vicarious liability. *See, e.g., Murray v. Choice Energy, LLC*, No. 15-CV-60, 2015 WL 4204398, *4 (S.D. Ohio July 10, 2015); *Bank v. Philips Electronics N. Am. Corp.*, No. 14-cv-5312 JG VMS, 2015 WL 1650926, *3 (E.D.N.Y. Apr. 14, 2015); *Jackson v. Caribbean Cruise Line, Inc.*, No. 14-cv-2485 (ADS)(AKT), 2015 WL 667862, *7-8 (E.D.N.Y. Feb. 17, 2015); *Toney v. Quality Resources, Inc.*, 75 F. Supp. 3d 727, 742-746 (N.D. Ill. 2014). *See also United States v. Bonds*, 608 F.3d 495, 506 (9th Cir. 2010) (defining actual agency); *N.L.R.B. v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997) (defining apparent authority); *Corns v. Laborers Int'l Union of N. Am.*, 62 F. Supp. 3d 1105, 1114 (N.D. Cal. 2014) (defining ratification).

### 1.     The FAC's Conclusory Allegations are Insufficient

Here, the FAC fails to even identify the theory of agency that Plaintiffs rely upon for vicarious liability, let alone specific facts sufficient to state a plausible claim.  Plaintiffs instead fall back on their conclusory and naked assertion, "on information and belief," that the calls they received were initiated by Grand Bahama "acting at the direction of [Bahamas Paradise] and [Cruise Operator]."  (FAC at ¶¶ 11, 13, 20).  That will not do, especially considering the lack of any relationship between Grand Bahama and the Bahamas Paradise Defendants.

Indeed, even in the employer-employee context, where an allegation of control would be more plausible, the Ninth Circuit has held that the "general statement" that an employer

"exercised control over [plaintiffs'] day-to-day employment is a conclusion, not a factual allegation stated with any specificity," and need not be accepted on a motion to dismiss.  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009).  Thus, Plaintiffs cannot simply allege that a party was "acting at the direction of" another, without any alleged facts to render that conclusion plausible (as opposed to conceivable), to state a claim for vicarious liability under the TCPA:

> [R]ote recitation of conclusory language intended to establish a relationship between [two parties] is not enough to show an agency relationship . . . . Plaintiffs have alleged that . . . M6 'was acting as an agent and/or employee of Defendants Franchising . . . and was acting within the course and scope of said agency . . . ." . . . .  Absent from the complaint are facts that might demonstrate the [elements] which would raise the allegations beyond the speculative.  Instead, Plaintiffs rely on legal conclusions as if they were facts.

*Freidman*, 2013 WL 3026641 at *3.

Similarly, another court from this District also dismissed a TCPA claim against a purported principal because the "[c]omplaint has virtually no allegations regarding the relationship between" it and the purported agent, and stated no well-pleaded facts to show that the defendant "controlled, authorized, or even knew about [the purported agent's] phone calls or that [defendant] had any control over [the purported agent]."  *Panacci v. A1 Solar Power, Inc.*, No. 15-CV-00532-JCS, 2015 WL 3750112, *7 (N.D. Cal. June 15, 2015).  *See also*, *e.g.*, *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 911 (C.D. Cal. 2011) ("Plaintiffs may not rest on legal conclusions regarding agency that are cast as factual allegations.").

Indeed, the Southern District of California held that where the only allegation particular to a certain defendant was that "various wrongdoing alleged in the complaint was done '***at the direction of defendant***'" – the same (and only) allegation made against the Bahamas Paradise Defendants – the plaintiff failed to state a claim for relief because he "did not allege any facts to buttress the latter conclusory allegation."  *Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, No. 09CV2145-L BLM, 2011 WL 3475361, *7 (S.D. Cal. Aug. 5, 2011) (emphasis added), *aff'd*, 727 F.3d 917 (9th Cir. 2013).  The court found that allegation "tenders no more than 'naked assertions devoid of further factual enhancement' [and] is

DEFS. BAHAMAS PARADISE CRUISE LINE, LLC'S AND CRUISE OPERATOR, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY THE ACTION      CASE NO. 15-CV-05019-BLF

13

24921218:4 38387:0019

1     insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 678). The same is true of Plaintiffs' allegation here.

2         Plaintiffs' allegation, made (again) upon information and belief, "that all of the acts and

3 omissions alleged herein were performed by, or are attributable to, BPCL, COI, GBCL, and Does

4 1 through 50 (collectively, 'Defendants'), each acting as the agent for the others, with the legal

5 authority to act on the others' behalf," (FAC at ¶ 14), only further highlights the FAC's

6 deficiencies. Courts routinely reject such legal conclusions as failing to allege an agency

7 relationship. *See*, *e.g.*, *In re Toyota*, 785 F. Supp. 2d at 911 ("Plaintiffs may not rest on legal

8 conclusions regarding agency that are cast as factual allegations. . . . [T]hese boilerplate cross-

9 authority/cross-agency/ratification allegations run afoul of *Twombly* and *Iqbal,* and thus, the

10 Court strikes paragraph 86 . . . ."); *Mindlab Media, LLC. v. LWRC Int'l LLC*, No. CV 11-3405

11 CAS FEMX, 2012 WL 386695, *4 (C.D. Cal. Feb. 6, 2012) (same).

12            **2.**      **The FAC Fails to Plausibly Allege Ratification**

13         Although not made explicit, it appears the FAC attempts to allege the Bahamas Paradise

14 Defendants are vicariously liable for Grand Bahama's alleged TCPA violations on the basis of

15 ratification. (*See* FAC at ¶ 32 ("GBCL's calls to consumers therefore either were placed at the

16 direction of BPCL and COI, or with the knowledge of BPCL and COI, and, because BPCL and

17 COI own and/or operate the Grand Celebration, they stood to benefit from any cruise packages

18 sold by GBCL.")). If so, the FAC falls far short of plausibly alleging ratification.

19         Under the TCPA "a seller may be liable for the acts of another under traditional agency

20 principles if it ratifies those acts by knowingly accepting their benefits." *In re DISH*, 28 F.C.C.

21 Rcd. 6574, 6586-87 (2013) (citing Restatement (Third) of Agency § 4.01, cmt. d). "The burden

22 of establishing that ratification was made with knowledge is on the party attempting to establish

23 that ratification occurred." *Id.* at § 4.06, cmt. b.

24         The FAC is devoid of a single well-pleaded allegation that the Bahamas Paradise

25 Defendants (a) accepted a benefit from Grand Bahama's purported calls to Plaintiffs or (b) did so

26 with knowledge that Grand Bahama had called them in violation of the TCPA. Neither Plaintiff

27 alleges he purchased anything from Grand Bahama or the Bahamas Paradise Defendants, and

28 both state they have never gone on a cruise connected to any of the Defendants. (FAC at ¶¶ 22,

1   29).   Thus, even if either of the Bahamas Paradise Defendants own the *Grand Celebration* –

2   which they do not – neither benefitted from the telephone calls at issue, which precludes a claim

3   based on ratification.   *Cf. Toney*, 75 F. Supp. 3d at 745-46 (dismissing TCPA claim based on

4   ratification theory where "plaintiff does not allege that Sempris or Provell accepted any benefit

5   that stemmed from Quality's telemarketing calls to plaintiff.   Indeed, plaintiff fails to allege that

6   she did business with Sempris or Provell as a result of Quality's calls.").

7          Nor does the FAC allege any well-pleaded facts showing that the Bahamas Paradise

8   Defendants accepted any benefits from Grand Bahama's calls to Plaintiffs – setting aside the non-

9   existence of any such benefits – with the knowledge that the calls were in violation of the TCPA.

10  That is a fatal omission as well, because "[a] person is not bound by a ratification made without

11  knowledge of material facts involved in the original act when the person was unaware of such

12  lack of knowledge."  Restatement (Third) of Agency § 4.06.

13         The  ratification  theory  also  fails  because  under  that  theory,  "the  principal-agent

14  relationship is still a requisite, and ratification can have no meaning without it."  *Batzel v. Smith*,

15  333 F.3d 1018, 1036 (9th Cir. 2003).  Since the FAC lacks any plausible allegations that Grand

16  Bahama was an agent of the Bahamas Paradise Defendants, there can be no vicarious liability

17  under the TCPA by ratification for that reason as well.  *Accord Thomas*, 582 F. App'x at 680.

18         **3.     Plaintiffs' Rampant Allegations "on Information
                     and Belief" Do Not Alter the Plausibility Analysis**

19         Finally, the fact that a great number of Plaintiffs' allegations purporting to connect the

20  Bahamas Paradise Defendants to the telephone calls at issue are made on "information and belief"

21  does not permit a lowered pleading standard or excuse the failure to allege facts sufficient to state

22  a plausible claim.  Just the opposite, "[t]he plausibility of [the] allegations is diminished further

23  by the fact that . . . the allegations are made almost entirely 'on information and belief.'"  *Canas*

24  *v. City of Sunnyvale*, No. C 08-5771 JF (PVT), 2009 WL 2160572, *4 (N.D. Cal. July 20, 2009).

25  It is black letter law that "[a]llegations based on information and belief must still include factual

26  content  that  make  them  plausible,"  and  the  "fail[ure]  to  include  any  factual  support  even

27  suggesting the source of the information or other detail rendering the claims plausible" fails to

28

Defs. Bahamas Paradise Cruise Line, LLC's and Cruise Operator, Inc.'s Notice
of Motion and Motion to Dismiss or, in the Alternative, Stay the Action          Case No. 15-cv-05019-BLF
                                               15
24921218:4 38387:0019

state a claim. *McGuire v. Recontrust Co.*, No. 11-CV-2787 KJM-CKD, 2013 WL 3863903, *6 (E.D. Cal. July 24, 2013). *See also Vivendi*, 586 F.3d at 694; *Solis v. City of Fresno*, No. 11-CV-00053 AWI GSA, 2012 WL 868681, *8 (E.D. Cal. Mar. 13, 2012) ("In the post-*Twombly* and *Iqbal* era, pleading on information and belief, without more, is insufficient to survive a motion to dismiss for failure to state a claim."); *Kemp v. Int'l Bus. Machines Corp.*, No. C-09-4683 MHP, 2010 WL 4698490, *4 (N.D. Cal. Nov. 8, 2010) (explaining an allegation "on information and belief" "does not demonstrate beyond a highly speculative level" the alleged fact, and fails to "'unlock the doors of discovery' . . . without providing some specific facts that would assure the court that there is some plausible basis for liability.").

At no point does the FAC state any facts to support or identify the source of Plaintiffs' "information and belief" somehow connecting the Bahamas Paradise Defendants, and placing them in the director's seat, to calls Plaintiffs claims to have received from an unrelated company. The FAC offers no plausible basis to hold the Bahamas Paradise Defendants liable for calls made by an unrelated company, and it should therefore be dismissed.

## III.   IN THE ALTERNATIVE, THE COURT SHOULD STAY THIS ACTION PENDING THE SUPREME COURT'S DECISIONS IN *SPOKEO* AND *CAMPBELL-EWALD*

In the alternative, if the Court does not dismiss the FAC, it should follow the rulings of a number of other courts in the Ninth Circuit and throughout the country and stay this putative TCPA class action pending the Supreme Court's forthcoming and potentially dispositive decisions in *Spokeo* and *Campbell-Ewald*.

### A.   This Case Implicates the Issues Raised in Both *Spokeo* and *Campbell-Ewald*

In the FAC, Plaintiffs seeks only statutory damages and injunctive relief under the TCPA. (FAC at ¶¶ 3, 49, and page 15). Plaintiffs do not allege that they suffered any type of harm or injury as a result of allegedly receiving these calls. Moreover, in the event the Court does not grant their Motion to Dismiss, the Bahamas Paradise Defendants will serve an offer upon Plaintiffs that would provide each of them more than full relief on their claims for damages and injunctive relief. The looming decisions in both *Spokeo* and *Campbell-Ewald* will therefore apply

1    directly to this case, and potentially be dispositive.

2        In *Spokeo*, the Supreme Court will determine whether Congress may confer Article III

3    standing upon a plaintiff who, like Plaintiffs here, suffers no concrete harm, and who therefore

4    could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of

5    action based on a bare violation of a federal statute.  (Backman Decl., Ex. A at i (Pet. for Writ of

6    *Certiorari*, *Spokeo, Inc. v. Robins*)).  The answer to *Spokeo*'s certified question directly impacts

7    whether the Plaintiffs and the putative class members each have standing in this action under the

8    TCPA by virtue of their bare statutory violations when they, similarly, have not suffered any

9    concrete harm.   This, in turn, would affect the analysis on class certification because

10   individualized issues will predominate if each class member would need to show an actual injury

11   beyond a mere statutory violation.

12       *Campbell-Ewald* is a TCPA putative class action, like this case, where the defendant

13   offered the named plaintiff more than full satisfaction of his individual claims.   The Supreme

14   Court will decide whether a putative class action becomes moot when the named plaintiff receives

15   an offer under Rule 68 of complete relief on his or her claim.  (Backman Decl., Ex. B at i (Pet. for

16   Writ of *Certiorari*, *Campbell-Ewald Co. v. Gomez*)).   An answer in the affirmative will

17   effectively bring an end to the proceedings in this case as mooted, since the Bahamas Paradise

18   Defendants will make such an offer to Plaintiffs if they are not already dismissed from the case.

19       **B.    The Applicable Factors All Weigh in Favor of Granting a Stay**

20       There is substantial precedent for granting a stay under such circumstances.  Courts in the

21   Ninth Circuit have routinely stayed proceedings in cases pending the Supreme Court's resolution

22   of a related case that may be dispositive or significantly affect the case being stayed.  *See Sierra*

23   *Med. Servs. Alliance v. Maxwell-Jolly*, No. CV 10-04182 CAS, 2011 WL 3837076 (C.D. Cal.

24   Aug. 29, 2011; *Cardenas v. AmeriCredit Financial Servs., Inc.*, No. C 09-04978 SBA, 2011 WL

25   846070 (N.D. Cal. Mar. 8, 2011); *Carney v. Verizon Wireless Telecom, Inc.*, No. 09-CV-1854

26   DMS, 2010 WL 3058106, (S.D. Cal. Aug. 2, 2010); *NGV Gaming, Ltd. v. Harrah's Operating*

27   *Co., Inc.*, No. 04-3955 SC, 2008 WL 4951587 (N.D. Cal. Nov. 18, 2008); *Ashby v. Farmers*

28   *Group, Inc.*, No. 01-CV-1446-BR, 2006 WL 3169381 (D. Ore. Oct. 30, 2006).

1    And, more specifically, a significant and increasing number of courts have stayed cases

2   on account of the very Supreme Court cases at issue here, *Spokeo* and/or *Campbell-Ewald*.  *See*,

3   *e.g.*, *Luster v. Jewelers*, No. 15-CV-2854-WSD, 2015 WL 9255553, *3 (N.D. Ga. Dec. 17, 2015);

4   *Tel. Sci. Corp. v. Hilton Grand Vacations Co., LLC*, No. 15-cv-969-Orl-41DAB, 2015 WL

5   7444409, *3 (M.D. Fla. Nov. 20, 2015); *Schartel v. OneSource Tech., LLC*, No. 15 CV 1434,

6   2015 WL 7430056, *2 (N.D. Ohio Nov. 17, 2015); *Lopez v. Miami-Dade County*, No. 15-Civ-

7   22943-COOKE/TORRES, 2015 WL 7202905, *1 (S.D. Fla. Nov. 6, 2015); *St. Louis Heart Ctr.,*

8   *Inc. v. Athenahealth, Inc.*, No. 15-CV-01215-AGF, 2015 WL 6777873, *5 (E.D. Mo. Nov. 4,

9   2015); *Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp.*, No. CV 15-

10  04767-AB, 2015 WL 6579779, *2 (C.D. Cal. Oct. 19, 2015); *Duchene v. Westlake Servs., LLC*,

11  No. 13-CV-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015); *Yaakov v. Varitronics, LLC*, No.

12  CIV. 14-5008 ADM/FLN, 2015 WL 5092501 (D. Minn. Aug. 28, 2015); *Provo v. Rady*

13  *Children's Hosp.-San Diego*, No. 15CV0081 JM BGS, 2015 WL 6144029, *2 (S.D. Cal. July 29,

14  2015); *Stone v. Sterling Infosystems, Inc.*, No. 15-CV-00711-MCE-DAD, 2015 WL 4602968, *3

15  (S.D. Cal. July 29, 2015); *Wolf v. Lyft, Inc.*, No. C 15-01441 JSW, 2015 WL 4455965 (N.D. Cal.

16  July 20, 2015) (White, J.); *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433, *5-6

17  (S.D. Fla. July 6, 2015);  *Larson v. Trans Union* LLC, No. 12-CV-057260-WHO, 2015 WL

18  3945052, *1, 16 (N.D. Cal. June 26, 2015) (Orrick, J.); *Ramirez v. Trans Union, LLC*, No. 12-

19  CV-00632-JSC, 2015 WL 6159942, *2 (N.D. Cal. June 22, 2015) (Corley, M.J.).

20    The power to stay proceedings is incidental to the power inherent in every court to

21  control the disposition of the causes on its docket with economy of time and effort for itself, for

22  counsel, and for litigants.  *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).   In

23  determining whether to grant a stay, courts examine general factors such as whether a stay will

24  unduly prejudice or damage the non-moving party; simplify the issues and streamline trial; and

25  reduce the burden of litigation on the parties and on the court and avoid a hardship on the moving

26  party if the case is allowed to go forward.  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.

27  2005).  The proponent of a stay has the burden of proving the requested stay is justified.  *Clinton*

28  *v. Jones*, 520 U.S. 681, 708 (1997).  Each of these factors weighs in favor of the Court granting a

1   stay here.

2              **1.**     **Either *Spokeo* or *Campbell-Ewald* May Have a Dispositive Effect Here**

3          If the Supreme Court finds in *Spokeo* that alleging statutory damages is not enough to

4   confer standing under Article III, then this Court will lack subject matter jurisdiction over this

5   case.   This result undercuts Plaintiffs' entire case, which seeks recovery of only statutory

6   damages.   Indeed, the *Spokeo* decision might require an immediate dismissal by this Court.

7   *Duchene*, 2015 WL 5947669, *3 (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523,

8   1528 (2013) (holding that "an actual controversy must be extant at all stages of review," so "if an

9   intervening circumstances deprives the plaintiff of a personal stake in the outcome of the lawsuit,

10   at any point during the litigation, the action can no longer proceed and must be dismissed as

11   moot.")).

12          And a decision in *Campbell-Ewald* that a named plaintiff's receipt of an offer of

13   complete relief moots not only their individual claim, but perhaps the class action as well, will

14   also effectively bring the case to a close.   Awaiting a decision in *Spokeo* and *Campbell-Ewald*

15   before requiring the parties or the Court to engage in any further proceedings that may be

16   rendered unnecessary would be consistent with how other district courts have decided to handle

17   the potentially dispositive effect of either *Spokeo* or *Campbell-Ewald* (or both).   *See Wolf*, 2015

18   WL 4455965 at *2 (granting stay in large part because *Campbell-Ewald*, "if resolved in

19   Defendant's favor, would simplify the issues and resolve threshold issues relating to the Court's

20   jurisdiction to consider [the] claims, both individually and on a class-wide basis."); *Larson*, 2015

21   WL 3945052 at *8 ("A decision in *Spokeo* reversing the Ninth Circuit would thus raise serious

22   questions regarding Larson's ability to establish his own individual standing, as well as the

23   predominance and superiority requirements necessary to certify and maintain a class action under

24   Rule 23(b)(3)."). *See also*, *e.g.*, *Fromer Chiropractic*, 2015 WL 6579779 at *2; *Boise*, 2015 WL

25   4077433 at *6; *Stone*, 2015 WL 4602968 at *1.

26         **2.**     **Staying this Action and Awaiting the Potentially-Dispositive**
27                   ***Spokeo* and *Campbell-Ewald* Decisions Will Save Judicial Economy**

28          A stay is appropriate at this time because of *Spokeo* and *Campbell-Ewald*'s potentially

1    dispositive consequences for the case at hand.  Indeed, there is a distinct possibility that either

2    decision will result in the Plaintiffs lacking standing and the Court losing jurisdiction to hear the

3    case.  If that happens, any judicial resources spent on this matter between now and then would

4    have been wasted.  *Duchene*, 2015 WL 5947669 at *4.  *See also Stone*, 2015 WL 4602968 at *2

5    (noting a stay would avoid "unnecessary use of judicial resources" to adjudicate discovery

6    disputes and class certification issues).  As noted in *Larson*, "if the case is not stayed, the Court,

7    the parties, and the absent class members . . . would all face the risk of dedicating substantial

8    resources to proceedings that may ultimately prove unnecessary."  2015 WL 3945052 at *8.

9            Accordingly, it is in the best interests of judicial economy to conserve the Court's

10   resources for those actions in which there is not a risk that a relatively imminent decision (within

11   seven or so months) from the Supreme Court will undo any Court decisions and vitiate any costly

12   and extensive motion practice, briefing, and discovery conducted by the litigants.

13                    **3.        A Stay Will Benefit the Public Interest**

14           The requested stay would also be in the public interest.  Moving forward with the Sword

15   of Damocles-like situation of two Supreme Court rulings looming over the ensuing proceedings,

16   when just one could dispose of the entire action, would not serve any party's or potential class

17   member's interests.  Not only would all parties suffer prejudice should this case not be stayed, but

18   the public at large would, as well, particularly since "[a] moderate delay here will free up judicial

19   resources," (*Boise*, 2015 WL 4077433 at *6), while the opposite would be true absent a stay, and

20   those limited judicial resources might ultimately be wasted.  Both *Spokeo* and *Campbell-Ewald*

21   have been argued before the Supreme Court during its present Term, and decisions in both are

22   expected to be rendered by the end of June 2016, six or so months from now.  The public interest

23   would be better served by entering a brief stay in this case and having the Court's time and

24   resources directed toward the other matters on its case docket during the stay, particularly when

25   any time spent on this case in the next six or so months may end up being for naught.

26                    **4.        None of the Parties Will Suffer a Hardship or**
                              **Prejudice While Awaiting the Supreme Court's Decisions**
27

28           Finally, none of the parties will be harmed or prejudiced by the brief stay requested

1   herein.  While Plaintiffs may argue they have the right to the speedy resolution of their claims,

2   "having to wait eight to nine months to continue litigation is not, itself, sufficiently prejudicial to

3   outweigh the very plain benefits of staying the case, particularly when the issues pending at the

4   Supreme Court go to this Court's power to hear the case."  *Duchene*, 2015 WL 5947669 at *4.

5   The many courts that have granted stays have also found it important that the length of the stay

6   was neither indefinite nor immoderate, given that the Supreme Court's decisions in both

7   *Campbell-Ewald* and *Spokeo* would be forthcoming within a year.  For example, that factor

8   weighed heavily in favor of a stay in *Ramirez* nearly five months ago, and it weighs even heavier

9   now that the same stay in this case will have a shorter duration.  2015 WL 6159942 at *2 ("Given

10  that the Supreme Court's decision in *Spokeo* may directly impact the Court's class certification

11  ruling, the *Landis* factors weigh strongly in favor of staying this action pending the *Spokeo*

12  decision.  The possible prejudice to Plaintiff that will result from a stay is minimal, as the *Spokeo*

13  decision will likely be issued within a year per the Supreme Court's customary practice.").

14          Accordingly, as the threshold issue of jurisdiction is implicated, in the interests of judicial

15  economy and the public welfare, and given the lack of prejudice to Plaintiffs, if the Court does not

16  grant the Bahamas Paradise Defendants' Motion to Dismiss, it should stay the proceedings

17  pending the outcomes at the Supreme Court in *Spokeo* and *Campbell-Ewald*.

18                                          **CONCLUSION**

19          The FAC fails to state any well-pleaded facts that would support the Court's exercise of

20  personal jurisdiction over the Bahamas Paradise Defendants under either general or specific

21  jurisdiction.  All that Plaintiffs offer is their speculative and naked assertion that both of the

22  Bahamas Paradise Defendants directed the telemarketing activities of an unrelated company,

23  Grand Bahama, without a single well-pleaded fact to support or substantiate such "information

24  and belief."  Plaintiffs' unadorned "information and belief" allegation also falls far short of stating

25  a claim for relief, and therefore dismissal is appropriate under both Federal Rules of Civil

26  Procedure 12(b)(2) and 12(b)(6).  Finally, and only in the event the Court does not dismiss the

27  Bahamas Paradise Defendants from this action, it should stay the proceedings in this case pending

28  the Supreme Court's decisions in *Spokeo* and *Campbell-Ewald*, either of which could have

1   dispositive effect in this action.  As a large number of courts have determined in similar putative

2   class actions, all of the factors weigh in favor of issuance of a stay under the circumstances

3   presented here.

4

5   Dated:  December 28, 2015                    Respectfully Submitted,

6                                               /s/  *Jeffrey A. Backman*

7                                               GREENSPOON MARDER, P.A.
                                                Richard W. Epstein
8                                               (Admitted *Pro Hac Vice*)
                                                Florida Bar No. 229091
9                                               Richard.Epstein@gmlaw.com
                                                Jeffrey A. Backman
10                                              (Admitted *Pro Hac Vice*)
                                                Florida Bar No. 662501
11                                              Jeffrey.Backman@gmlaw.com
                                                Roy Taub
12                                              (Admitted *Pro Hac Vice*)
                                                Florida Bar No. 116263
13                                              Roy.Taub@gmlaw.com
                                                200 East Broward Blvd., Suite 1800
14                                              Fort Lauderdale, FL  33301
                                                Tel:  (954) 491-1120
15                                              Fax: (954) 213-0140
16

17                                              LAW OFFICES OF ROBERT S. BOULTER
                                                Robert S. Boulter (SBN 153549)
18                                              rsb@boulter-law.com
                                                1101 Fifth Avenue, Suite 235
19                                              San Rafael, California 94901-1828
                                                Telephone:  (415) 233-7100
20                                              Facsimile: (415) 233-7101

21
                                                *Attorneys for Defendants Bahamas Paradise*
22                                              *Cruise Line, LLC and Cruise Operator, Inc.*

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

I HEREBY CERTIFY that on December 28, a true and correct copy of the foregoing was

3

electronically filed with the Clerk of Court by using CM/ECF which will serve copies to all

4

counsel of record registered to receive CM/ECF notification, and that it was served upon any

5

6

other counsel and parties in some other authorized manner.

### SERVICE LIST

7

8

GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy
Marc L. Godino
Mark S. Greenstone
1925 Century Park East, Suite 2100
Los Angeles, California 90067

9

10

11

JAURIGUE LAW GROUP
Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
114 North Brand Boulevard, Suite 200
Glendale, California 91203

12

13

14

15

*Attorneys for Plaintiffs*

16

*/s/ Jeffrey A. Backman*
Jeffrey A. Backman

17

18

19

20

21

22

23

24

25

26

27

28