UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AN PHAN, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>GRAND BAHAMA CRUISE LINE, LLC, et al.,<br><br>            Defendants. | Case No. 15-cv-05019-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re: ECF 25] |

Plaintiffs allege that Defendant Grand Bahama Cruise Line, LLC ("GBCL") violated the Telephone Consumer Protection Act ("TCPA") by calling them repeatedly—once calling Plaintiff An Phan back within eight minutes of his active "opt out" of such calls—to offer a free cruise to the Bahamas. First Amended Compl. ("FAC") ¶¶ 18-31, ECF 32. Plaintiffs also seek to hold Defendants Bahamas Paradise Cruise Line, LLC and Cruise Operator, Inc. (collectively, "Bahamas Paradise Defendants") liable for these calls on the theory that GBCL "is a tour operator for [the Bahamas Paradise Defendants] or has been retained by [them] to undertake promotional activity on their behalf." *Id.* ¶ 32.

The Bahamas Paradise Defendants move to dismiss the allegations against them pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), arguing that Plaintiffs fail to allege a

basis for the Court to exercise personal jurisdiction over them and fail to state a claim for relief against them. Mot., ECF 25. Both arguments hinge on their position that Plaintiffs have failed to allege an agency relationship between the Bahamas Paradise Defendants and GBCL.

On April 7, 2016, the Court heard oral argument on the Motion. For the reasons stated on the record and below, Defendants' Motion to Dismiss is GRANTED.[1]

## I.   LEGAL STANDARD

When a defendant challenges a court's personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction over the defendant is proper. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* (internal citation omitted). A "plaintiff may not simply rest on the bare allegations of the complaint. But uncontroverted allegations must be taken as true, and conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

Where no applicable federal statute governs personal jurisdiction, "the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." *Id.* Due process requires that a defendant "have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] In the alternative, the Bahamas Paradise Defendants also moved to stay this case pending *Spokeo v. Robins*, 135 S. Ct. 1892 (2015) and *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015). The Supreme Court has decided *Campbell-Ewald*, mooting that portion of the request, and Defendants agreed at the hearing that the time to amend will likely moot the second portion of their request. Thus, in the interest of judicial efficiency, the Court DENIES the Motion to Stay.

### III. DISCUSSION

The Bahamas Paradise Defendants argue that the Court does not have personal jurisdiction over Bahamas Paradise, a Florida corporation, and Cruise Operator, a Bahamian corporation with a principal place of business in Florida, neither of which have any contacts with California. In addition, they argue that Plaintiffs have failed to state a claim for relief against them because Plaintiffs allege that GBCL—not the Bahamas Paradise Defendants—placed the challenged calls. *See* FAC ¶¶ 18, 21, 26-28.

Plaintiffs respond that the FAC should survive both of these challenges because they adequately plead that the Bahamas Paradise Defendants are vicariously liable for GBCL's actions, whether through apparent authority, actual authority, or ratification. Opp. at 8-13, 17-18.

While the Court recognizes that vicarious liability is a valid theory for relief under the TCPA and for exercising jurisdiction over a defendant that otherwise lacks sufficient contacts with the forum, the Court finds that Plaintiffs have failed to adequately plead any of the three forms of agency necessary to support a claim of vicarious liability or for exercising jurisdiction on that basis here. For example, Plaintiffs have alleged neither that the Bahamas Paradise Defendants directed GBCL's telemarketing activity nor that they benefited from that alleged activity. To the contrary, Plaintiffs submit that GBCL, which has failed to appear, claims to be on the verge of bankruptcy and only speculatively allege the potential for benefit by the Bahamas Paradise Defendants. *See* Compl. ¶ 33, Opp. at 1. Thus, because Plaintiffs have failed to adequately plead vicarious liability, the Complaint fails under both Rules 12(b)(2) and 12(b)(6).

Furthermore, with regard to Rule 12(b)(2), even if Plaintiffs had sufficiently alleged an agency relationship in their FAC, they failed to controvert the declarations the Bahamas Paradise Defendants submitted to show a lack of agency. *See* Ryerson Decl. ¶ 8, ECF 26 ("Bahamas Paradise has no affiliation with [GBCL], which is an entirely separate company); Lambert Decl. ¶ 8, ECF 27 (same for Cruise Operator). While "conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor" on a Rule 12(b)(2) motion, Plaintiffs have failed to submit any affidavits to rebut those filed by the Bahamas Paradise Defendants. *Ranza*, 793 F.3d at 1068. Accordingly, the Court GRANTS Defendants' Motion to Dismiss with leave to

amend. Plaintiffs must file an amended complaint by no later than **May 23, 2016**.

At the hearing, Plaintiffs represented that they may seek leave for jurisdictional discovery. Should Plaintiffs file such a motion, the filing deadline for their amended pleadings shall be stayed until the motion is decided, if denied, or until the discovery is completed, if granted.

**IT IS SO ORDERED.**

Dated: April 11, 2016

_____
BETH LABSON FREEMAN
United States District Judge