UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

AN PHAN, et al.,

    Plaintiffs,

v.

GRAND BAHAMA CRUISE LINE, LLC, et al.,

    Defendants.

Case No. 15-cv-05019-BLF

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT JURISIDCTIONAL DISCOVERY**

[Re: ECF 45]

Plaintiffs An Phan and Taylor Bartlett, as individuals and on behalf of all others similarly situated, request leave to conduct limited discovery. ECF 45. Defendants Bahamas Paradise Cruise Line, LLC and Cruise Operator, Inc. (collectively, "Bahamas Paradise Defendants") opposed the Motion, and Grand Bahama Cruise Line, LLC ("GBCL") joined in the opposition. ECF 51, 52. The Court has determined that the motion is appropriate for disposition without oral argument. ECF 57. For the reasons discussed below, the motion is GRANTED IN PART AND DENIED IN PART.

**I. BACKGROUND**

Plaintiffs initiated this action in state court in September 2015, alleging a single claim for relief under the Telephone Consumer Protection Act ("TCPA") against GBCL and the Bahamas Paradise Defendants. Ex. A to Notice of Removal, ECF 1. Plaintiffs alleged that GBCL violated the TCPA by calling them repeatedly—once calling Plaintiff An Phan back within eight minutes of his active "opt out" of such calls—to offer a free cruise to the Bahamas. First Amended Compl. ("FAC") ¶¶ 18–31, ECF 32. Plaintiffs seek to hold the Bahamas Paradise Defendants liable for these calls on the theory that GBCL "is a tour operator for [the Bahamas Paradise Defendants] or has been retained by [them] to undertake promotional activity on their behalf." *Id.* ¶ 32. In

November 2015, the Bahamas Paradise Defendants removed the action to this Court. Notice of Removal, ECF 1. The Bahamas Paradise Defendants then moved to dismiss the allegations against them pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), arguing that Plaintiffs failed to allege a basis for the Court to exercise personal jurisdiction over them and failed to state a claim for relief against them. Mot. to Dismiss, ECF 25.

In support of their Motion to Dismiss, the Bahamas Paradise Defendants filed several declarations contesting Plaintiffs' jurisdictional allegations. Specifically, the Bahamas Paradise Defendants contended that Cruise Operator, Inc. operates, but does not own, the Grand Celebration cruise ship; both of the Bahamas Paradise Defendants transact business out of Florida, not California; neither of them has ever "controlled" GBCL's telemarketing activities; and neither of them has any "affiliation" with GBCL. Ryerson Decl. ¶¶ 3–11, ECF 26; Lambert Decl. ¶¶ 3–12, ECF 27. The Court granted the Bahamas Paradise Defendants' Motion to Dismiss, but granted Plaintiffs leave to amend. ECF 42. The Court found that "Plaintiffs [had] failed to adequately plead any of the three forms of agency necessary to support a claim of vicarious liability or for exercising jurisdiction on that basis[.]" *Id.* at 3. The Court also found that "even if Plaintiffs had sufficiently alleged an agency relationship in their FAC, they failed to controvert the declarations the Bahamas Paradise Defendants submitted to show a lack of agency." *Id.*

Now before the Court is Plaintiffs' Motion to Conduct Expedited Jurisdictional Discovery. ECF 45.

## II. LEGAL STANDARD

"A district court is vested with broad discretion to permit or deny [jurisdictional] discovery." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Jurisdictional discovery should ordinarily be granted "where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (holding that district court abused its discretion in refusing to grant jurisdictional discovery).

In this district, courts have held that "a plaintiff need not make out a prima facie case of

personal jurisdiction before it can obtain jurisdictional discovery." *Calix Networks, Inc. v. Wi-Lan, Inc.*, No. 09-cv-06038-CRB (DRM), 2010 WL 3515759, at *4 (N.D. Cal. Sept. 8, 2010) (citing *eMag Sols., LLC v. Toda Kogyo Corp.*, No. C 02-1611, 2006 WL 3783548, at *2 (N.D. Cal. Dec. 21, 2006) ("It would . . . be counterintuitive to require a plaintiff, *prior* to conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss.")). "Rather, a plaintiff must present a 'colorable basis' for jurisdiction, or 'some evidence' constituting a lesser showing than a prima facie case." *Id.* (citations omitted). Indeed, the Ninth Circuit has reversed for abuse of discretion when further discovery "might well" have established a basis for personal jurisdiction. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. May 12, 2003).

### III.   DISCUSSION

#### A.   Jurisdictional Discovery

Plaintiffs contend that "the respective websites of the Bahamas Paradise Defendants and GBCL provide a colorable basis for concluding that further discovery might well reveal facts demonstrating that the Bahamas Paradise Defendants have retained GBCL to act as their promotional agent." Mot. 2, ECF 45. Plaintiffs make several arguments in support of jurisdictional discovery: First, Plaintiffs assert that "the purpose of GBCL's website is to promote cruises aboard the Grand Celebration—the one and only ship mentioned anywhere on the[ir] website, and a ship that happens to be owned by one of the Bahamas Paradise Defendants and operated by the other." *Id.* Second, Plaintiffs allege that "the materials available on GBCL's website are largely identical to, if not exactly the same as, those found on the Bahamas Paradise Defendants' website, including images of the Grand Celebration, the use of the same logos, descriptions of the same promotional offers, and the linking-to of nearly identical forms." *See id*. Finally, Plaintiffs contend that "the telephone number held out by GBCL to Grand Celebration passengers actually belongs to the Bahamas Paradise Defendants." *See id*. at 6. According to Plaintiffs, "[t]his demonstrates a relationship between GBCL and the Bahamas Paradise Defendants, and it conflicts with the [Defendants'] Declarations' vague assertion that no 'affiliation' between the companies exists." *Id.* Thus, Plaintiffs argue that "these facts provide a

1 colorable basis for questioning the veracity of the statements found in [Defendants'] Declarations, and they justify limited discovery on the nature of the affiliation between the Bahamas Paradise Defendants and GBCL." *Id.* at 2.

The Bahamas Paradise Defendants oppose Plaintiffs' motion, arguing that Plaintiffs "have failed to make a colorable showing or present any evidence that the Court can exercise personal jurisdiction over the Bahamas Paradise Defendants, and they disregard that the proper inquiry for agency relationship is whether the Bahamas Paradise Defendants had the right to control and direct the telemarketing activities at issue[.]" Opp.12, ECF 50. Specifically, they argue that "Plaintiffs were required to present evidence of an agency relationship between [GBCL] and the Bahamas Paradise Defendants related to the alleged telemarketing conduct that forms the basis of Plaintiffs' TCPA claim," but they did not do so. *Id.* at 5–6. The Bahamas Paradise Defendants also argue that Plaintiffs "exaggerate the supposedly 'overwhelming similarity' of Bahama Paradise's and Grand Bahama's websites, and never explain how that is evidence of an agency relationship." *Id.* at 7. Moreover, the Bahamas Paradise Defendants argue that "[n]othing on the websites indicates an agency relationship" between them and GBCL. *Id.* at 8. Thus, the Bahamas Paradise Defendants ask this Court to deny Plaintiffs' motion. Defendant GBCL joined the Bahamas Paradise Defendants opposition. Joinder, ECF 52.[1]

In reply, Plaintiffs contend that jurisdictional discovery on the business relationship between the Bahamas Paradise Defendants and GBCL will yield jurisdictionally relevant facts. Reply ISO Mot. 3, ECF 56.

The Court concludes that Plaintiffs have established that a more satisfactory showing of the facts is necessary and that there is a "colorable basis" for jurisdiction based on one of the three methods of establishing agency. Although the Bahamas Paradise Defendants rightly point out that Plaintiffs fail to provide significant evidence supporting their agency theories, Plaintiffs are not

---

[1] GBCL uses the joinder to "plead[ ] its entitlement to dismissal . . . on the basis of Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6)[.]" Joinder 2, ECF 52. Specifically, GBCL claims that it "was never formally served with the First Amended Complaint" or the original complaint. *Id.* GBCL has not filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 or in compliance with Civil L.R. 7. Thus, these issues are not properly before the Court.

required to do so at this stage. Rather, Plaintiffs must present only a "colorable basis" for jurisdiction. They have done so by highlighting the similarities in the webpages, documents, and phone numbers of the Defendants. Accordingly, the Court finds that limited jurisdictional discovery is warranted on the issue of whether GBCL serves as an agent of the Bahamas Paradise Defendants such that GBCL's California contacts may be imputed to the Bahamas Paradise Defendants.

In their opposition, the Bahamas Paradise Defendants ask the Court to deny Plaintiffs' motion because Plaintiffs failed to comply with the Court's meet and confer requirement prior to filing the motion. Opp. 3–4, ECF 50. To the extent Plaintiffs did not comply with the Court's meet and confer requirement, the defect has been cured—it is evident from Plaintiffs' reply that the parties did meet and confer. *See generally* Reply, ECF 56. Additionally, Plaintiffs' have provided a narrow discovery plan in compliance with the Court's previous order. *Id.* at 4; *see also* Ex. B to Reply ISO Mot., ECF 56-2.

Finally, the Bahamas Paradise Defendants also ask that the Court grant them leave to conduct jurisdictional discovery. Opp. 12, ECF 50. Because Plaintiffs do not object, the Court finds such discovery warranted as well. Reply 4, ECF 56.

### B. Scope of Discovery

In their Reply,[2] Plaintiffs request leave to: (1) take a four hour Rule 30(b)(6) deposition limited to any relationship or dealings between the Bahamas Paradise Defendants and GBCL; any benefit received by the Bahamas Paradise Defendants as a result of GBCL's telemarketing activities; and any knowledge the Bahamas Paradise Defendants have of such activities and (2) serve requests for production of documents on the Bahamas Paradise Defendants, seeking any documents that discuss or evidence the matters enumerated above. Reply ISO Mot. 4, ECF 56. Defendants object to the scope of Plaintiffs' request, and ask the Court to limit jurisdictional

---

[2] After reviewing Plaintiffs' Motion and Defendants' Opposition, this Court ordered the parties to meet and confer in an attempt to narrow the scope of Plaintiffs' requested jurisdictional discovery. ECF 45. The parties complied with the Court's order and Plaintiffs provided a narrower discover plan in their Reply. *See* Reply ISO Mot., ECF 56.

discovery to any agency relationship involving GBCL's telemarketing calls to Plaintiffs in California. *Id.* at 5 (drafted by the Bahamas Paradise Defendants).

The Court GRANTS Plaintiffs' motion to take a four hour Rule 30(b)(6) deposition. However, because the Court agrees with Defendants that the request is overly broad, the deposition must be limited to the following topics:

a. Any relationship or dealings between GBCL and the Bahamas Paradise Defendants (or any of their agents or co-venturers, including but not limited to tour operators) relating to the Grand Celebration.

b. Any benefit, direct or indirect, received by the Bahamas Paradise Defendants as a result of GBCL's telemarketing.

The Court DENIES Plaintiffs' request to discuss "any knowledge the Bahamas Paradise Defendants have of GBCL's telemarketing activities for the booking of cruises on the Grand celebration." The Court GRANTS Plaintiffs' motion as to the proposed document request as it relates to (a) and (b) above.

Additionally, the Court GRANTS the Bahamas Paradise Defendants' request to conduct jurisdictional discovery as enumerated in Exhibit C to Plaintiffs' reply. Ex. C to Reply ISO Mot., ECF 56-3 (drafted by the Bahamas Paradise Defendants).

The parties are ORDERED to complete jurisdictional discovery on or before November 28, 2016 and to file an amended complaint, if any, or a notice of dismissal by December 30, 2016.

**IT IS SO ORDERED.**

Dated: September 28, 2016

_____
BETH LABSON FREEMAN
United States District Judge